**UNITED STATES of America, Appellant,**

v.

**Raffi NAKASHIAN, a/k/a "Ralfi," Defendant-Appellee.**

**No. 264, Docket 86–1310.**

United States Court of Appeals, Second Circuit.

Argued Oct. 14, 1986.

Decided June 2, 1987.

Jess Fardella, Asst. U.S. Atty. (Bruce A. Green, Asst. U.S. Atty., and Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., of counsel), for appellant.

Kenneth V. Handal, New York City (Michael D. Schissel, Marks Murase & White, New York City, of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, WINTER and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

The United States appeals, pursuant to 18 U.S.C. § 3731 (1982 & Supp. III 1985), from an order of the United States District Court for the Southern District of New York holding that the indictment brought against appellee is multiplicitous, and requiring the government to elect between the two counts charging conspiracy to import and distribute hashish and the count charging conspiracy to defraud and make false statements to the United States. Section 3731 allows an interlocutory appeal by the United States from an order "dismissing" a count of an indictment, and an order compelling an election between counts is a "dismissal" for Section 3731 purposes. *See United States v. Margiotta*, 662 F.2d 131, 138–39 (2d Cir.1981); *United States v. Margiotta*, 646 F.2d 729, 731–32 (2d Cir. 1981); *see also United States v. Tom*, 787 F.2d 65, 69–70 (2d Cir.1986).

## BACKGROUND

In Count One of the indictment, appellee was charged under 21 U.S.C. § 963 (1982) with conspiring to violate 21 U.S.C. §§ 812 (1982), 952(a) (1982 and Supp. III 1985), and 960(b)(2) (1982) by importing hashish into the United States.

In Count Two, appellee was charged under 21 U.S.C. § 846 (1982) with conspiring to violate 21 U.S.C. §§ 812 (1982), 841(a)(1) (1982), and 841(b)(6) (1982) (repealed effective October 12, 1984)[1] by distributing, and possessing with intent to distribute, hashish.

In Count Three, appellee was charged under 18 U.S.C. § 371 (1982) with conspiring (1) to defraud the United States by impeding the collection of information and reports concerning the movement of United States currency and transactions involving large amounts of cash, and the detection of crimes committed in relation thereto, and (2) to violate 18 U.S.C. § 1001 (1982) by making false statements, writings and entries concerning matters within the jurisdiction of a United States department or agency.[2]

---

1. Counts One and Two of the indictment charge conspiracies occurring from "in or about October, 1979 and continuously thereafter up to and including October 11, 1984."

2. The indictment contains five additional counts charging perjury before a grand jury which are not at issue on this appeal.

Appellee's connection to the alleged conspiracies was that he allegedly (1) received in excess of six million dollars from an intermediary which constituted partial payment for twenty tons of hashish smuggled into the United States pursuant to the importation conspiracy, and (2) filed a Report of International Transportation of Currency or Monetary Instruments, United States Customs Form 4790, on or about September 29, 1980 which falsely stated that he was then bringing $1,972,000 in U.S. currency into the United States. With respect to appellee's conduct, the overt acts alleged in the three counts are identical.

The district court properly determined that the multiplicity issue is governed by *United States v. Albernaz*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981),[3] and *United States v. Marrale*, 695 F.2d 658 (2d Cir.), *cert. denied*, 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983). *Albernaz* and *Marrale* establish a three-step inquiry to determine whether Congress intended to authorize multiple punishments for conduct that violates two statutory provisions. 1) If the offenses charged are set forth in different statutes or in distinct sections of a statute, and each section unambiguously authorizes punishment for a violation of its terms, it is ordinarily to be inferred that Congress intended to authorize punishment under each provision. 2) It must next be determined whether the two offenses are sufficiently distinguishable from one another that the inference that Congress intended to authorize multiple punishments is a reasonable one. The *Blockburger* test is employed in making this determination.[4] Under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provi-

sions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Id.* at 304, 52 S.Ct. at 182. 3) If *Blockburger* is satisfied, the final step is to test the tentative conclusion that multiple punishments are authorized against the legislative history of the statutory provisions to discover whether a contrary Congressional intention is disclosed. If the legislative history either reveals an intent to authorize cumulation of punishments or is silent on the subject, the court should conclude that Congress intended to authorize multiple punishments. *Marrale*, 695 F.2d at 662; *see also Albernaz*, 450 U.S. at 336–42.

The district court held in light of *Albernaz*, and appellee concedes, that the first two counts present no multiplicity problems as to each other. The district court also determined that each conspiracy statute (21 U.S.C. § 846, 21 U.S.C. § 963 and 18 U.S.C. § 371) unambiguously authorizes punishment for its violation.[5] The district court further determined that Count Three charges a separate offense from Counts One and Two under the *Blockburger* test. But the district court went on to say that use of the *Blockburger* test is only the initial inquiry in determining whether specific and general conspiracy statutes are sufficiently distinguishable from one another to infer a Congressional authorization of multiple punishments under step two of the *Marrale* test. Judge Stanton concluded that a court must also look to the "specific allegations and objectives of each conspiracy alleged" and to the "overlap of participants, overt acts, location, time and objectives." Utilizing this approach, the district court found Count Three's general conspiracy allegations multiplicitous when com-

---

**3.** *Albernaz* held that a single conspiracy may support consecutive sentences under 21 U.S.C. §§ 846 and 963.

**4.** But see note 6 *infra*.

**5.** The maximum penalties for the three conspiracy charges, at the time of appellant's alleged criminal activity, were as follows:

Count One, five years and $15,000 fine under 21 U.S.C. §§ 960(b)(2) and 963;
Count Two, fifteen years and $125,000 fine under 21 U.S.C. §§ 841(b)(6) and 846; and
Count Three, five years and $10,000 fine under 18 U.S.C. §§ 1001 and 371.

bined with the specific conspiracy allegations of Counts One and Two. The district court ordered the Government to drop Counts One and Two or Count Three. *U.S. Nakashian*, 635 F.Supp. 761 (S.D.N.Y.1986). We reverse.

## DISCUSSION

■ An indictment is multiplicitous when a single offense is alleged in more than one count. *United States v. Israelski*, 597 F.2d 22, 24 (2d Cir.1979). The multiplicity doctrine is based upon the double jeopardy clause of the Fifth Amendment, which "assur[es] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Moreover, as *Albernaz* makes clear: "[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Albernaz*, 450 U.S. at 344, 101 S.Ct. at 1145. *See also Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

■ There is no authority in either *Albernaz* or *Marrale* for using *Blockburger* as an *initial* test in determining whether two offenses are sufficiently distinguishable from one another to infer a Congressional authorization of multiple punishments under step two of the *Marrale* formulation. Rather, those two cases make it clear that *Blockburger* is the *only* test to be used. *See Albernaz*, 450 U.S. at 337–39,

101 S.Ct. at 1141–42, and *Marrale*, 695 F.2d at 662.[6] Nor is there authority in either case for carving out a "general conspiracy—specific conspiracy" exception. Rather, in *United States v. Barton*, 647 F.2d 224, 234–38 (2d Cir.), *cert. denied*, 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981), this Circuit found the general conspiracy statute, 18 U.S.C. § 371, and a specific conspiracy statute, 18 U.S.C. 1962(d), to be nonmultiplicitous using *Albernaz* principles.

Appellee seeks to distinguish *Barton*, since in that case the Second Circuit went behind the statutes themselves and looked to the factual allegations in the indictment. This is only half true. The *Barton* court considered how the statutes were being applied in the indictment,[7] but did not base its decision on the defendants' alleged particular course of conduct, or on the absence of any "overlap of participants, overt acts, location, time and objectives." Indeed, the court acknowledged "an area of overlap between the substantive offenses underlying the two conspiracy charges." *Id.* at 237. Further, in *United States v. Thomas*, 757 F.2d 1359, 1369–71 (2d Cir.1985), *cert. denied*, — U.S. —, —, 106 S.Ct. 66, 67, 88 L.Ed.2d 54, 55 (1985), and — U.S. —, 107 S.Ct. 78, 93 L.Ed.2d 34 (1986), this court, relying on *Barton* and applying the analysis set forth in *Albernaz* and *Marrale*, found two specific conspiracy statutes, 18 U.S.C. § 1962(d) and 21 U.S.C. § 846, to be non-multiplicitous without looking behind the statutory provisions themselves. *See also United States v. Bradley*, 812 F.2d 774, 780 (2d Cir.1987); *United States v. Biasucci*, 786 F.2d 504, 516 (2d Cir.), *cert. denied*, — U.S. —,

---

**6.** Indeed, where a legislature clearly authorizes cumulative punishment under two statutes, regardless of whether the statutes proscribe the "same" conduct under *Blockburger*, cumulative punishments can be imposed under those statutes in a single trial. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

**7.** It is not clear whether courts even have the authority to do this under *Blockburger*. *See Whalen v. United States*, 445 U.S. 684, 694 n. 8,

100 S.Ct. 1432, 1439 n. 8, 63 L.Ed.2d 715 (1980); *Whalen*, 445 U.S. at 710–12 and nn. 5 & 6, 100 S.Ct. at 1447–48 nn. 5 & 6 (Rehnquist, J., dissenting); *see also Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975); *but cf. United States v. Thomas*, 757 F.2d 1359, 1372–76 (2d Cir.1985), *cert. denied*, — U.S. —, —, 106 S.Ct. 66, 67, 88 L.Ed.2d 54, 55 (1985) and — U.S. —, 107 S.Ct. 78, 93 L.Ed.2d 34 (1986) (Newman, J., concurring in part and dissenting in part).

107 S.Ct. 104, 93 L.Ed.2d 54 (1986); *United States v. Mitchell*, 777 F.2d 248, 264 (5th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1493, 89 L.Ed.2d 89, — U.S. —, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); and *United States v. Langella*, 776 F.2d 1078, 1081–83 (2d Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986).[8]

■ In the instant case, the *Blockburger* test is satisfied whether the statutes are looked at in the abstract or as applied in the indictment. 21 U.S.C. §§ 846 and 963 require respectively proof of conspiracies to violate Subchapters I and II of Chapter 13 of Title 21. 18 U.S.C. § 371 can be violated without such proof, since it only requires a conspiracy to commit any offense against the United States or to defraud the United States. In addition, 18 U.S.C. § 371 requires proof of an overt act, something which does not have to be shown under 21 U.S.C. §§ 846 and 963.

Turning to the indictment, Counts One and Two require proof of a conspiracy to import hashish into the United States and of a conspiracy to distribute hashish (or possess hashish with intent to distribute). Count Three requires no such proof. Count Three requires proof of a conspiracy to defraud a United States agency by impeding the collection of currency information and to make false statements concerning matters within the jurisdiction of a United States department or agency. Counts One and Two require no such proof. *Blockburger* is satisfied.

Nothing in the legislative history of the relevant conspiracy provisions[9] rebuts the presumption that multiple punishments are authorized. *See generally* H.R.Rep. No. 304, 80th Cong., 1st Sess. (1947), *reprinted in* 5 Legislative History Tit. 18 at 2434, 2475–76 (1948); H.R.Rep. No. 1444, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Admin.News 4566; 116 Cong.Rec. 33296–33319, 33603–33667, 35050, 35051–35086, 35475, 35477–35490, 35494–35497, 35506–35511, 35516–35523, 35523–35539, 35549–35559 (1970). *See also Albernaz*, 450 U.S. at 341 n. 1. Indeed, the very existence of specific conspiracy statutes may evince a legislative intent to authorize multiple punishments, since it indicates some legislative dissatisfaction with the punishment provided for in 18 U.S.C. § 371.[10] In *United States v. Thomas*, 757 F.2d at 1370–71, we noted that 21 U.S.C. § 846 was "intended to enhance the penalties for violation of the general conspiracy provision found in 18 U.S.C. § 371." The same can be said for 21 U.S.C. § 963, since the only difference between section 963 and section 846 is that the latter provision reaches conspiracies to commit offenses defined in Subchapter I of Chapter 13 of Title 21, while the former provision reaches conspiracies to commit offenses defined in Subchapter II thereof.

The conclusion we reach today was also reached by the Tenth Circuit in *Timberlake v. United States*, 767 F.2d 1479 (10th Cir. 1985), *cert. denied*, — U.S. —, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986). Most of the cases relied on by appellee involved successive conspiracy prosecutions under the same statute. Appellee considers this a distinction without a difference, but this view is obviously mistaken, since the issue

---

**8.** Nor does the attempt to create a "general conspiracy-specific conspiracy" exception avail, especially in the context of this case. The relationship between a conspiracy to import hashish and a conspiracy to distribute hashish seems much closer than the relationship between both drug conspiracies and a conspiracy to defraud the United States by filing a false document. If the first two counts are not multiplicitous as to each other, as appellant must concede under *Albernaz*, then it is difficult to argue that they are multiplicitous with respect to the third count.

**9.** The district court did not consider legislative history, in view of its conclusion that the Government's position did not survive step two of the *Albernaz/Marrale* test.

**10.** The legislative history underlying section 371 shows that the 80th Congress retained specific conspiracy offenses in Title 18 where, *inter alia*, the punishment provided in section 371 was not deemed commensurate with the gravity of the offense. *See* 5 Legislative History Tit. 18 at 2476.

in multiplicity cases is the unauthorized imposition of multiple punishments for the same conduct, and Congress obviates any multiplicity problems by creating different offenses which prescribe multiple punishments. *Missouri v. Hunter,* 459 U.S. 359, 368–69, 103 S.Ct. 673, 679–80, 74 L.Ed.2d 535 (1983).[11] *United States v. Corral,* 578 F.2d 570 (5th Cir.1978), and *United States v. Mori,* 444 F.2d 240 (5th Cir.), *cert. denied,* 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971), which support appellee's position, were decided prior to *Albernaz,* are directly contrary to *Barton,* and may no longer be good law in the Fifth Circuit. *See United States v. Mitchell,* 777 F.2d 248, 264 (5th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1493, 89 L.Ed.2d 895, — U.S. ——, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986).

### Conclusion

The order of the district court is reversed and the case is remanded for further proceedings consistent herewith.

---

11. Appellee also contends that *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), compels affirmance here. In *Braverman,* however, only the violation of the general conspiracy statute (a predecessor of 18 U.S.C. § 371) was charged. *Albernaz* makes clear that when multiple conspiracy statutes are violated, charges may be brought, and punishments imposed, under each.