**UNITED STATES of America, Appellee,**

v.

**Meir ROSHKO, Defendant–Appellant.**

Nos. 1532, 1826, Dockets
92–1079, 92–1080.

United States Court of Appeals,
Second Circuit.

Argued May 19, 1992.

Decided July 17, 1992.

Stuart Holtzman, New York City, for defendant-appellant.

Richard J. Appel, New York City, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., Daniel C. Richman, Asst. U.S. Atty., of Counsel), for appellee.

Before: PRATT and ALTIMARI, Circuit Judges, and DANIEL M. FRIEDMAN, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

After a jury trial, Meir Roshko and his wife, Irene, were both convicted for conspiring to defraud the United States by

making false statements to the Immigration and Naturalization Service ("INS"), and by obstructing that agency's proceedings, *see* 18 U.S.C. §§ 371, 1001 and 1505 (1988); subsequently, Meir was tried alone before another jury on the substantive count of making false statements to a government agency, *see* 18 U.S.C. § 1001, and that jury convicted him as well.

In *United States v. Irene Roshko*, 969 F.2d 1 (2d Cir.1992) ("*Roshko I*"), another panel of this court heard argument on Irene's appeal from her conspiracy conviction. By an opinion being filed simultaneously with this one, that panel has determined that the grand jury's conspiracy indictment was constructively amended at trial, and it, therefore, reversed Irene's conviction. Moreover, because the indictment was filed more than five years after the conspiracy had ended, the *Roshko I* panel determined that the statute of limitations barred the conspiracy prosecution and remanded the case to the district court with a direction to dismiss the indictment as to Irene. The opinions in both cases have been circulated before filing to all members of both panels.

Meir Roshko appeals both his conspiracy conviction and his separate conviction for making false statements. For substantially the reasons set forth in *Roshko I*, we reverse the conspiracy conviction and, on remand, direct the district court to dismiss the conspiracy count of the indictment as to Meir as well. However, we affirm Meir's conviction on the substantive count of making false statements to the INS.

## BACKGROUND

Since we assume familiarity with *Roshko I*, we set forth only those facts necessary to the disposition of Meir's appeal.

This prosecution arose out of Meir's successful acquisition of a green card which permitted Meir, an Israeli immigrant, to permanently reside in this country. The prosecution's theory, maintained at trial and on appeal, was that Meir first entered into a sham marriage with a United States citizen, Miriam Gershkowich, in order to obtain his green card, and then, after receiving the card in October 1984, he divorced Miriam and married Irene, also an alien, who eventually obtained her permanent residence status in 1988. The government claimed that Meir obtained his green card by falsely stating to the INS that he was living in a marital relationship with his first wife, Miriam, when, in fact, the couple never lived together and were married solely for the purpose of securing permanent resident status for Meir.

The grand jury first returned a two-count indictment against Meir only on May 9, 1990. Count I alleged that Meir had conspired to defraud the United States by making false statements to the INS, *see* 18 U.S.C. § 1001, and by obstructing that agency's proceedings, *see* 18 U.S.C. § 1505. Count II charged Meir with the substantive crime of making false statements to a government agency. *See* 18 U.S.C. § 1001.

Meir's case was first assigned to the United States District Court for the Southern District of New York, Louis L. Stanton, *Judge*, who granted the defense's motion to sever the conspiracy count from the substantive count. The substantive count was tried before Jane E. Restani, *Judge* of the United States Court of International Trade, sitting by designation. The jury found Meir guilty of the substantive count on October 12, 1990, but, in February 1991, Judge Restani granted Meir's motion for a new trial based on improper readbacks by the court reporter of testimony not in evidence at the trial.

Less than one week after that first trial on the substantive count, the grand jury on October 17, 1990, filed a superseding indictment that added Irene as a co-defendant on the conspiracy count. This case was assigned to Dominick L. DiCarlo, *Judge* of the United States Court of International Trade, sitting by designation. Meir was tried with Irene on the conspiracy count only and, on February 15, 1991, both were

found guilty of conspiracy by the jury. On January 22, 1992, Judge DiCarlo sentenced Meir to five years' imprisonment, a $5000 fine, and the mandatory assessment.

As for the retrial of count II of the original indictment, making false statements to a government agency, Judge Stanton reassigned that case to Nicholas Tsoucalas, *Judge* of the United States Court of International Trade, sitting by designation. The jury returned a verdict of guilty, and on January 22, 1992, Judge Tsoucalas sentenced Meir to three years' imprisonment to run consecutively to the five-year sentence on the conspiracy count that was imposed on the same day by Judge DiCarlo. Judge Tsoucalas also imposed a $5000 fine. Thus, Meir is serving a total of eight years' imprisonment.

On appeal Meir challenges both convictions. He argues that at the conspiracy trial the district court, by allowing the prosecution to present evidence broadening the basis of the conviction with no limiting instruction, permitted a constructive amendment of the indictment in violation of the fifth amendment's grand jury clause; he also argues that the conspiracy prosecution was time-barred because the grand jury returned the indictment more than five years after the conspiracy terminated. Meir claims that the statute of limitations also barred prosecution of the substantive count.

We reverse the conspiracy conviction and direct the district court on remand to dismiss that count of the indictment. However, we affirm Meir's conviction on the substantive count.

## DISCUSSION

### A. *The Conspiracy Conviction.*

As indicated above, another panel of this court has determined that the conspiracy indictment was constructively amended at trial, and that the prosecution of Irene was time-barred. *See Roshko I.* We agree, first, with that panel's conclusion that the indictment was constructively amended at trial. Consequently, we reverse the judgment of conviction for the reasons stated in *Roshko I.*

We also agree that the conspiracy prosecution was time-barred. We note, however, that the grand jury indicted Meir on May 9, 1990, and that Irene was not indicted until later, when the superseding indictment was filed on October 17, 1990. Nevertheless, their arguments are substantially similar and require the same result: dismissal. Meir, like his wife, claims that the conspiracy ended with his acquisition of a green card on October 29, 1984, and that the five-year statute of limitations for bringing the prosecution expired on October 29, 1989, approximately five months before the government filed the original conspiracy indictment. The government, on the other hand, argues that the conspiracy continued through at least October 3, 1985, which is the date on which Meir divorced Miriam Gershkowich, the United States citizen who had been paid to marry him so that he could obtain his green card. Their divorce and the later marriage of Meir and Irene on October 25, 1985, are the only two alleged overt acts that occurred less than five years before May 9, 1990, the date that the superseded indictment was filed.

We agree, however, with the panel in *Roshko I* that the conspiracy terminated on October 29, 1984, the date that the INS approved Meir's application for a green card; consequently, neither the Roshko–Gershkowich divorce, nor Meir and Irene's marriage, can be reasonably viewed as overt acts in furtherance of the terminated conspiracy that had ended when its object—the acquisition of Meir's green card—was achieved. *See Roshko I.*

### B. *The False Statement Conviction.*

Meir claims that the false statement count contained in the original indictment filed on May 9, 1990, was also time-barred. However, he does not fare as well on this argument, because we conclude that the government brought this prosecution within the five-year statute of limitations. *See* 18 U.S.C. § 3282 (1988).

The government's theory on the false statements case was that Meir, in applying

for the green card, made false representations both in an INS I–485 form filed on August 2, 1984, and later, during an interview on October 29, 1984. Specifically, Meir indicated both on the form and at the interview that he had never been convicted of a crime nor served any time in jail. The form explicitly asks applicants if they "have been arrested, convicted or confined in a prison". Roshko checked the "no" box. The form also asks applicants if they "have been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action". Roshko again checked the "no" box. Finally, the form asks applicants if they "have committed or have been convicted of a crime involving moral turpitude". Roshko checked the "no" box once more.

Each of these "no" answers was untrue. During its inquiry into Meir's scheme to remain in the United States as a permanent resident, agents of the Federal Bureau of Investigation discovered in August 1989 that Roshko had two prior criminal convictions, including a conviction in Israel for a 1978 rape and sodomy, for which he had received three years' imprisonment and three years' probation.

With this information, the government on September 15, 1989, obtained from the United States District Court for the Southern District of New York, letters rogatory to Israel, requesting copies of Meir's criminal record. Believing that the five-year statute of limitations for prosecuting Meir for the false statement at the INS interview began running October 29, 1984, and would therefore terminate on October 29, 1989, the government also applied in September 1989 for a suspension of the statute of limitations with respect to any offense committed by Meir Roshko based on the false statement he had made to the INS in October 1984. *See* 18 U.S.C. § 3292. Honorable Milton Pollack, sitting as the applications judge for the Southern District, granted the application.

■ Meir argues, however, that the statute-of-limitations clock began running on August 2, 1984, when he filed INS form I–485. If correct, then the limitations period would have expired on August 2, 1989. Essentially, Meir argues that the false statement violation occurred when he filled out the form, and that any prosecution for representations made under oath at the later INS interview would be multiplicitous and therefore in violation of the fifth amendment's prohibition against multiple punishments for the same offense. We disagree.

■ An indictment "is multiplicitous when a single offense is alleged in more than one count." *United States v. Nakashian*, 820 F.2d 549, 552 (2d Cir.) (citing *United States v. Israelski*, 597 F.2d 22, 24 (2d Cir.1979)), *cert. denied*, 484 U.S. 963, 108 S.Ct. 451, 98 L.Ed.2d 392 (1987). The multiplicity doctrine, however, is inapposite to the facts of this case, because count II of the indictment charged but a single offense—making false statements to the government on October 29, 1984—and in a single count. The grand jury did not charge that Meir had also made the same false statements in writing on August 2, 1984, and Meir does not argue that the government attempted to introduce evidence to that effect.

*United States v. Olsowy*, 836 F.2d 439 (9th Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1299, 99 L.Ed.2d 509 (1988), on which Meir heavily relies, is not contrary to this conclusion. In *Olsowy*, the defendant denied in two separate interviews with the same secret service agent that he had received a check in relation to a false claim he had made. *Id.* at 440. The subsequent indictment charged him with two counts of making false oral statements to the same government agent at the separate interviews; a third count charged him with making a false statement in a written, signed summary of his oral statement given to the same government agent on one of those dates. Thus, Olsowy was indicted in three separate counts for making the same statement—that he did not receive the check—to the same government agent. The *Olsowy* court found that he "made

precisely the same denials in response to the same questions posed to him by the Secret Service agent", *id.* at 442, and held "that where identical false statements, in either oral or written form, are made in response to identical questions, *the declarant may be convicted only once." Id.* at 443 (emphasis added). While *Olsowy* limits such a prosecution to a single charge, nothing in the case requires that the prosecution be limited to the first statement made.

Here, Roshko was indicted for making one false statement on October 29, 1984, and he was convicted for that crime. Simply because he had made the same false statement at an earlier date does not render this charge multiplicitous.

## SUMMARY AND CONCLUSION

The superseding indictment for conspiracy was constructively amended at trial, so Meir Roshko's conspiracy conviction is reversed. When the conspiracy charge of the indictment is properly limited, it is barred by the statute of limitations. Consequently, we remand No. 92–1079 to the district court with a direction to dismiss the conspiracy count of the indictment. Meir's conviction on the substantive count of making false statements to the United States is affirmed.