UNITED STATES of America, Plaintiff–Appellee,

v.

Charles Wesley ARLT, Defendant–Appellant.

No. 97–50588.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 20, 2001

Filed May 31, 2001

---

1. In light of this disposition, there is no need to reach other issues raised on appeal.

Kenneth M. Miller, Steward & Miller, Capistrano Beach, California, for the defendant-appellant.

Jean M. Mohrbacher, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge; and REINHARDT, O'SCANNLAIN, TROTT, FERNANDEZ, HAWKINS, THOMAS, GRABER, McKEOWN, WARDLAW, and RAWLINSON, Circuit Judges.

REINHARDT, Circuit Judge:

We heard this case *en banc* to resolve an intra-circuit conflict in our Double Jeopardy jurisprudence. Our cases have reached inconsistent results as to whether a defendant who has engaged in a single overall conspiracy to commit acts proscribed by more than one statute may be convicted and punished for committing two offenses, one under the general conspiracy statute,

18 U.S.C. § 371, and the other under a specific conspiracy statute. To resolve the conflict, we must determine whether or not, when considering the elements of § 371, we should treat the specific offense that a defendant is alleged to have conspired to commit as an element of that statute. Answering the question in the affirmative would lead to the conclusion that a defendant may be tried and convicted under both the general conspiracy statute and a specific conspiracy statute when the substantive offense that is charged as the object of the § 371 conspiracy and the substantive offense that is the object of the other charged conspiracy are different. We conclude that we are required to hold that the specific offense designated as the object of the conspiracy in a § 371 indictment does constitute an element of the offense, and we therefore overrule our opinion holding to the contrary, *United States v. Alerta*, 96 F.3d 1230, 1239 (9th Cir.1996), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000). It follows that the defendant's two conspiracy convictions in this case do not violate the Double Jeopardy Clause.[1]

## I.

Charles Wesley Arlt was charged with and convicted of participating in a conspir-acy to supply massive quantities of a key ingredient used to manufacture methamphetamine, hydriodic acid. The indictment alleged, *inter alia,* that Arlt would deposit large sums of cash in a bank account held by a co-conspirator, Deanna Pierce. Ms. Pierce would use the funds to buy cashier's checks in the name of a front company and wire the money to an apparently legitimate hydriodic acid manufacturer, who would ship the acid to Arlt in 55 gallon drums labeled "Mining Fluid."[2]

Arlt was indicted along with six others in a twenty-two count indictment for participating in a conspiracy to manufacture methamphetamine, a conspiracy to commit an offense against the United States, identified in the applicable count as laundering money, and for the substantive offense of money laundering. The government did not contend that Arlt participated in two separate conspiracies—rather, it argued that the one conspiracy was penalized under two separate statutes. Arlt appealed his convictions to this court, alleging, *inter alia,* that he was denied the right to represent himself at trial. *United States v. Arlt,* 41 F.3d 516, 517 (9th Cir.1994). We agreed and reversed. *Id.* at 524.

A second superseding indictment was filed against Arlt, charging him with nineteen separate counts for his activities in the methamphetamine operation. Only

---

**1.** We are not the only court that finds difficulty in explaining exactly what the Double Jeopardy Clause does and does not prohibit. Chief Justice Rehnquist explained that "[the Supreme Court's] opinions, including ones authored by me, are replete with *mea culpa*'s occasioned by shifts in assumptions and emphasis" as to the meaning of the Clause. *Whalen v. United States,* 445 U.S. 684, 699, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting); *see, e.g., United States v. Dixon,* 509 U.S. 688, 711, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling a Double Jeopardy opinion issued by the Court three years earlier because that opinion "was a mistake"). Those shifts have not generally redounded to the benefit of those seeking the protection of the Clause. *See, e.g., United States v. Ursery,* 518 U.S. 267, 278, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (separate civil forfeiture and criminal prosecutions do not violate the Double Jeopardy Clause); *Dixon,* 509 U.S. at 711, 113 S.Ct. 2849 (the same conduct can form the basis of two separate offenses); *Bartkus v. Illinois,* 359 U.S. 121, 132–33, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) (successive state and federal prosecutions do not violate the Double Jeopardy Clause).

**2.** Hydriodic acid is not only used to make methamphetamine—it also is used to mine for precious metals.

the first two counts, charging Arlt under two different conspiracy statutes, are relevant to this opinion. Count One alleges that Arlt conspired to "aid and abet the manufacture of 1 kilogram or more of ... methamphetamine, ... in violation of Title 21, United States Code, Sections 841(a)(1) and 846," and to "manufacture 1 kilogram or more of ... methamphetamine, ... in violation of Title 21, United States Code, Sections 841(a)(1) and 846." The first code provision cited, 21 U.S.C. § 841(a)(1), prohibits, *inter alia,* the manufacture of controlled substances, and the second provision, 21 U.S.C. § 846, penalizes conspiracies and attempts to commit certain drug offenses, such as § 841.

Count Two alleges that Arlt conspired to "launder monetary instruments, in violation of Title 18, United States Code, Sections 371 and 1956(a)(1)." The conspiracy provision cited, 18 U.S.C. § 371, makes it unlawful for "two or more persons" to, *inter alia,* "conspire ... to commit any offense against the United States." The other provision cited, 18 U.S.C. § 1956(a)(1), prohibits money laundering.

After a jury trial, Arlt was again convicted, and again appeals. His appeal, which was initially argued before a three-judge panel of this court, raises fourteen separate issues, each of which, he asserts, constitutes a ground for reversal. At the request of the panel, we voted to hear the case *en banc* solely to resolve one of the issues—whether Arlt's conviction under both Counts One and Two subjected him to multiple punishments for the same offense in violation of the Double Jeopardy Clause. In view of our decision, we will return to the panel jurisdiction over the remaining issues.

## II.

■ The Double Jeopardy Clause prohibits the imposition of multiple trials, multiple convictions and multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794, 802, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Its protections are limited by the interpretation the Supreme Court has given the term "same offense" for Double Jeopardy purposes, particularly in its holding that it is up to the legislature to determine what constitutes a "same offense." *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). With respect to conspiracy charges, for example, the Court has held that the Clause is not violated by punishing a defendant separately for conspiracy to import marijuana and conspiracy to distribute marijuana, even though the defendant participated in only one conspiracy, the purpose of which was to import and distribute marijuana. *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The Court reasoned that the two punishments were lawful because Congress intended separate punishments to be imposed for conspiracy to import and conspiracy to distribute. *Id.* In fact, the Court said that "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." *Id.*

The question before us, then, is whether Congress intended that separate punishments be imposed for the two conspiracy counts, or whether the two statutory provisions indeed prohibit the "same offense." Whether the statutory provisions cover the "same offense" is a question that is "deceptively simple in appearance but virtually kaleidoscopic in application." *Whalen,* 445 U.S. at 700, 100 S.Ct. 1432 (Rehnquist, J., dissenting).

Nothing in the legislative history of the enactment of § 846 or § 371 specifically addresses this question. *United States v. Nakashian,* 820 F.2d 549, 553 (2d Cir. 1987). Under the circumstances, the limited role available to circuit courts is to resolve the question of Congressional intent by application of a rule first set forth by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* explains that,

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. 180. The Supreme Court's test "focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Illinois v. Vitale,* 447 U.S. 410, 416, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

Our precedent is in conflict as to what elements to compare when a defendant is charged with two conspiracies, one of which is a § 371 conspiracy: a conspiracy to commit any offense against the United States. The inconsistency arises when applying the test to the element of § 371 that requires proof of what it is that the defendant is alleged to· have conspired to do. Specifically, is the element simply as stated in the text of § 371, "any offense against the United States," or is it the specific offense that the defendant is alleged to have conspired to commit (in this case, money laundering as defined by 18 U.S.C. § 1956(a)(1))? ·

In *United States v. Cuevas,* 847 F.2d 1417 (9th Cir.1988), a defendant was charged in separate conspiracy counts under § 846 and § 371, the same conspiracy statutes at issue in this case. The general

conspiracy charge, § 371, alleged that he had conspired to fail to report the export of currency. *Id.* at 1421. Applying the *Blockburger* test, we concluded in that case that Congress intended separate punishments for the two offenses, because the drug conspiracy required proof of an agreement to violate the drug laws, while the general conspiracy charged in the indictment required an agreement concerning failure to report currency. *Id.* at 1429. We did *not* consider the § 371 general conspiracy simply in terms of the element as described in the text of the statute— any offense against the United States. We considered instead that the element consisted of the specific substantive offense listed in the conspiracy count. In a subsequent case, relying on *Cuevas,* we reached the same conclusion. *See United States v. Otis,* 127 F.3d 829, 833–34 (9th Cir.1997).

By contrast, in *Alerta,* 96 F.3d at 1236–40, we took a different approach. Like the defendants in *Cuevas* and *Otis,* the defendant in *Alerta* was convicted under both § 846 and § 371. The § 371 conviction was predicated on a conspiracy to use a firearm during and in relation to drug trafficking. There, we explained that, when applying the *Blockburger* test, courts must look only to the statutory elements of the crime for which the defendant was convicted. *Alerta,* 96 F.3d at 1239. When one of those crimes is § 371, we held, the relevant element is conspiracy to commit "any offense against the United States," not the specific offense underlying the conspiracy count. *Id.* Because a conspiracy to violate the drug laws is necessarily a conspiracy to commit an offense against the United States, we concluded that, under *Blockburger,* § 371 and § 846 cover the "same offense." *Id.*

As the parties agree, *Alerta* cannot be reconciled with *Cuevas* and *Otis. Alerta*

correctly notes that our inquiry, when applying the *Blockburger* test, concerns the "statutory elements" of each offense. *Vitale*, 447 U.S. at 416, 100 S.Ct. 2260; *United States v. Wolfswinkel*, 44 F.3d 782, 784 (9th Cir.1995). However, *Alerta* limits the definition of "statutory element" to the element as it appears in the text of the statute, while *Cuevas* and *Otis* construe the term, as applied in § 371 cases, so as to incorporate the particular substantive offense that constitutes the object of the conspiracy. We must now adopt one approach or the other.

### III.

In *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), the Supreme Court followed the approach, albeit in dictum, that for purposes of § 371, the "statutory element" that relates to the object of the conspiracy refers to the specific substantive statutory provision at issue. *Id.* at 786, 95 S.Ct. 1284. The defendant in *Iannelli* was charged both with violating a federal gambling statute and also under § 371 with conspiring to violate that same statute. *Id.* at 772 & n. 1, 95 S.Ct. 1284. The Court explained that "application of the [*Blockburger*] test focuses on the statutory elements of the offense." *Id.* at 785 n. 17, 95 S.Ct. 1284. Applying the test, it considered the requirements for "conspiracy to violate [the

gambling] statute," *id.*, rather than conspiracy to violate "any offense against the United States." [3] The Court applied the *Blockburger* test in a similar manner in *Whalen*, a case in which a defendant was charged with both rape and felony murder on the basis of the same rape. There, it treated the felony-murder offense as "killing in the course of a rape," not killing in the course of all of the felonies specified in the felony-murder statute. *Whalen*, 445 U.S. at 694, 100 S.Ct. 1432. It held that no additional fact is necessary to convict the defendant of rape once he has been convicted of killing in the course of a rape, and therefore convicting him for both offenses violated the Double Jeopardy Clause. *Id.* at 694–95, 100 S.Ct. 1432.[4]

The other circuits that have considered the issue all have concluded that convicting and punishing a defendant under both § 371 and § 846 does not violate the Double Jeopardy Clause when the substantive offense underlying the § 371 conviction differs from the drug offense underlying the § 846 conviction. *United States v. Holloway*, 128 F.3d 1254, 1257 (8th Cir. 1997); *United States v. Morris*, 99 F.3d 476, 479 (1st Cir.1996); *United States v. Morehead*, 959 F.2d 1489, 1508–09 (10th Cir.1992); *United States v. Harris*, 959 F.2d 246, 251–52 (D.C.Cir.1992); *Nakashian*, 820 F.2d at 553; *United States v. Mulherin*, 710 F.2d 731, 739–40 (11th Cir.

---

**3.** *Iannelli* concluded that the *Blockburger* test was satisfied because "[t]he essence of the crime of conspiracy is agreement, an element not contained in the statutory definition" of the gambling offense, and a conviction under the gambling offense "requires establishment of a fact not required for conviction for conspiracy to violate that statute." *Iannelli*, 420 U.S. at 785 n. 17, 95 S.Ct. 1284 (citations omitted).

**4.** The Supreme Court took the same approach in another felony-murder case, *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam), reversing a

conviction because it violated the Double Jeopardy Clause. Explaining the Court's brief per curiam opinion in *Harris*, Chief Justice Rehnquist later wrote that it "was not a departure from *Blockburger*'s focus on the *statutory* elements of the offense charged" because, in *Harris*, the Court "construed [the felony-murder statute's] generic reference to some felony as incorporating the statutory elements of the various felonies upon which a felony-murder conviction could rest." *Dixon*, 509 U.S. at 717, 113 S.Ct. 2849 (Rehnquist, C.J., concurring in part and dissenting in part) (emphasis in original).

1983). The First, Fifth, Eighth, and Tenth Circuits treated the specific offense that formed the basis of the § 371 conspiracy as the statutory element when applying the *Blockburger* test (in all but the Fifth Circuit, the specific conspiracy statute was § 846). *United States v. Sharpe*, 193 F.3d 852, 864 (5th Cir.1999), *cert. denied*, 528 U.S. 1173, 120 S.Ct. 1202, 145 L.Ed.2d 1105 (2000); *Holloway*, 128 F.3d at 1257; *Morris*, 99 F.3d at 479; *Morehead*, 959 F.2d at 1508–09.[5] This body of authority provides considerable support for the position that the underlying substantive offense is incorporated into § 371 as a "statutory element."

▮ Whalen's holding, *Iannelli*'s dictum, and the decisions of other circuits lead us to conclude that we must overrule *Alerta* and reaffirm *Cuevas* and *Otis*. When applying the *Blockburger* test in a case in which a defendant is convicted under § 371, the element that we must consider is not "any offense against the United States" but rather the specific substantive offense that the defendant is alleged to have conspired to commit; that substantive offense is designated in the count of the indictment charging the defendant under § 371. Put differently, the indictment on a § 371 offense incorporates by reference the provisions of the specific substantive criminal statute involved as a "statutory element" of the conspiracy charge.

## IV.

We now apply the *Blockburger* test to Arlt's conviction. As stated in Count Two of the indictment, the specific offense that is the object of the conspiracy charged is money laundering. The acts necessary to establish a conspiracy to launder money, as prohibited by § 371 and 18 U.S.C. § 1956(a)(1), will not necessarily also support a conviction for a conspiracy to violate the drug laws. For example, a defendant guilty of participating in a money-laundering conspiracy involving funds generated from an illegal marketing scheme is not also guilty of participating in a § 846 drug conspiracy. The § 846 conspiracy requires proof of an additional fact that the charged § 371 conspiracy does not.[6]

Similarly, the acts necessary to establish a conspiracy to violate the drug laws specified by § 846 will not necessarily also support a conviction for a conspiracy to launder money. For example, a defendant who conspires to grow a marijuana garden for consumption only by the conspirators is guilty under § 846, but has not committed the acts necessary to be guilty of participating in a money-laundering conspiracy.

**5.** The Eleventh Circuit arrived at the same result by a different route. *See Mulherin*, 710 F.2d at 739–40. *Mulherin* found the *Blockburger* test satisfied on the ground that § 371 requires proof of an overt act, while § 846 does not. *Id.* The Second Circuit found it unnecessary to consider whether the substantive offense forming the basis of the § 371 conspiracy should be treated as a statutory element of the offense, on the ground that, whichever approach it employed, the *Blockburger* test was satisfied. *Nakashian*, 820 F.2d at 553. The Third Circuit, in *United States v. Conley*, 37 F.3d 970, 976–77 (3d Cir.1994) and the District of Columbia Circuit, in *Harris*, 959 F.2d at 251–52, applied the *Blockburger* test, but their opinions do not make clear whether they treat the substantive offense that the defendant is charged with conspiring to commit as a "statutory element" of the offense or rely on some other rationale. In all but *Conley*, the specific conspiracy statute involved was § 846. No other circuit has held that the specific offense that constitutes the object of the conspiracy under § 371 is *not* the statutory element to be considered.

**6.** The *Blockburger* test, on its face, concerns proof of an "additional fact," but, as applied by the Supreme Court, it actually concerns proof of only a "different fact." *See, e.g., Albernaz*, 450 U.S. at 339, 101 S.Ct. 1137.

The charged § 371 conspiracy requires proof of an additional fact that the § 846 conspiracy does not.

■ Perhaps the simplest explanation, even for lawyers and judges, is that a drug conspiracy need not (although it almost always will) involve the unlawful use of money, and money laundering need not (although it sometimes will) involve unlawful drug transactions. Accordingly, application of the *Blockburger* test, as it has been implemented by the Court since its adoption seventy years ago, leads to the conclusion that Congress intended the crimes charged in Counts One and Two to be separate offenses. Therefore, under *Blockburger*, Arlt's conviction on both counts is consistent with the statutes and does not offend the Double Jeopardy Clause.

■ Arlt argues that, even if we treat the § 371 conspiracy as a conspiracy to launder money, and not simply a conspiracy to commit any offense against the United States, he cannot be convicted on both counts. He claims that a conspiracy to launder drug money can constitute a conspiracy to aid in the distribution of drugs because the money laundering facilitates the drug distribution. Whatever the factual merits of his premise, it does not follow that the two conspiracies cover the same offense. Rather, it merely shows that, in *some* instances, the same conduct satisfies the elements of both offenses. However, "substantial overlap" between the two crimes does not preclude them from being separate offenses. *Iannelli,* 420 U.S. at 785 n. 17, 95 S.Ct. 1284. Indeed, under the rules explicated by the Supreme Court, even when the same conduct forms the basis for two charges, the two charges do not necessarily entail the "same offense" for double jeopardy purposes. *See Dixon,* 509 U.S. at 703–04, 113 S.Ct. 2849. What is determinative under the Court's double jeopardy doctrine is simply whether the statutes involved require satisfaction of the same statutory elements, or whether each statute requires proof of an element that the other does not.

## V.

We conclude that Arlt's two convictions, under 18 U.S.C. § 371 and 21 U.S.C. § 846, do not violate the Double Jeopardy Clause, because the § 371 count charged him with the crime of participating in a conspiracy to launder money, and that crime is not the "same offense" as the crime of participating in a § 846 drug conspiracy. With this issue resolved, we return control of this appeal to the three-judge panel so that it may resolve the thirteen remaining issues pending before the court.

REMANDED to the panel for further proceedings not inconsistent with this opinion.