**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30149 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00495-HZ-1 |
| v. | |
| MARY EVELYN AYALA, AKA Mary Holden Ayala, AKA Mary Holden, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted July 8, 2020
Portland, Oregon

Before: M. MURPHY,[**] BENNETT, and MILLER, Circuit Judges.

A jury found Mary Ayala guilty of five counts of theft from Give Us

This Day, Inc. ("GUTD"), an entity receiving federal funds, 18 U.S.C. §

666(a)(1)(A); two counts of engaging in monetary transactions in criminally

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

derived property, *id.* § 1957; six counts of filing a false tax return, *id.* § 7206(1); and one count of failure to file a tax return, *id.* § 7203. Ayala asserts the district court erred when it (1) failed to sua sponte instruct the jury it was required to unanimously agree on which transaction or group of transactions constituted each § 666(a)(1)(A) count; (2) entered against her a personal forfeiture money judgment; and (3) calculated the amount of the forfeiture judgment, the award of restitution to the Internal Revenue Service, and the amount of loss for purposes of determining the applicable advisory guidelines range. Ayala is not entitled to appellate relief as to any of her claims of error. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, the district court's judgment is affirmed.

1. Ayala claims the district court erred in failing to instruct the jury that it was required to unanimously agree on which transaction or group of transactions constituted each § 666(a)(1)(A) count. Because Ayala did not raise this claim of error before the district court, this court's review is limited to plain error. Fed. R. Crim. P. 52(b); *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006). Under this exacting standard, Ayala must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [her] substantial rights," that it "affected the outcome of the [trial]; and (4) the error seriously

affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quotations and citations omitted).  We need not resolve whether the district court committed error because, even assuming the existence of such error, the error is not plain.  *See United States v. Buckland*, 289 F.3d 558, 572 (9th Cir. 2002) (en banc).

Whether a special verdict was required turns on whether the indictment was duplicitous.  *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1191 (9th Cir. 2007) (en banc).  In this appeal, that question depends on the unit of prosecution set out in § 666(a)(1)(A).  *See United States v. UCO Oil Co.*, 546 F.2d 833, 835–38 (9th Cir. 1976).  Relying on the decision of the First Circuit in *United States v. Newell*, 658 F.3d 1, 20–28 (1st Cir. 2011), Ayala argues the appropriate unit of prosecution is transactional (i.e., each theft or group of thefts equaling at least $5000).  The indictment here grouped all transactions in a given calendar year into the five § 666(a)(1)(A) counts.

We need not decide whether the approach taken in *Newell* is correct because even if the district court erred in failing to treat § 666(a)(1)(A) as transactional, as opposed to calendar-based, that error is not plain.  To be

19-30149

plain, an error must be "obvious." *United States v. Thompson*, 82 F.3d 849, 855 (9th Cir. 1996). An error is not plain when neither the Supreme Court nor this court has spoken on the issue and the other circuits are not in accord. *Id.* No Supreme Court or Ninth Circuit case addresses the unit of prosecution under § 666(a)(1)(A).[1] Although *Newell*, the only circuit case to address the issue in any detail, concluded the unit of prosecution in § 666(a)(1)(A) is transactional, at least one district court has concluded all transactions during a one-year period that together equal at least $5000 amount to a single violation of § 666(a)(1)(A). *United States v. Urlacher*, 784 F. Supp. 61, 64 (W.D.N.Y. 1992). The Sixth Circuit cited *Urlacher* with approval in holding that transactions cannot be aggregated to reach the $5000 minimum if they extend beyond a period of one year. *United States v. Valentine*, 63 F.3d 459, 463–64 (6th Cir. 1995). *Newell* recognized there exists little helpful precedent and recognized neither the language of § 666, nor its legislative history, was illustrative. *See UCO Oil*, 546 F.2d at 835– 38 (holding these considerations bear directly on the question of what unit

---

[1] Ayala asserts this court adopted a transactional approach in *United States v. Paixao*, 715 F. App'x 782, 782 (9th Cir. 2018) (unpublished disposition). There is simply not enough factual background in *Paixao* for it to meaningfully bear on that question. Additionally, Ayala has not cited any precedent indicating a nonprecedential memorandum disposition can satisfy the plain error standard.

19-30149

of prosecution is set out in a criminal statute). Because the assumed error here is not obvious, Ayala is not entitled to relief under the exacting plain error standard.

2. Ayala asserts the district court erred in imposing a money judgment against her for the proceeds of her theft from GUTD, without regard to whether those proceeds are still in her possession. This claim of error is foreclosed by *United States v. Nejad*, 933 F.3d 1162, 1165–66 (9th Cir. 2019).

3. Ayala contends the district court erred in calculating the amount of her forfeiture judgment, order of restitution, and the loss caused by her criminal conduct. We review the district court's interpretation of forfeiture law, the Sentencing Guidelines, and the legality of a restitution order de novo; its factual findings for clear error; and its application of the Guidelines to the facts and the amount of restitution for abuse of discretion. *United States v. Hernandez-Escobar*, 911 F.3d 952, 955 (9th Cir. 2018); *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170–71 (9th Cir. 2017) (en banc); *United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020).

The district court did not err when it refused to offset losses to GUTD by the amount of Ayala's alleged annual salary. *See* 18 U.S.C. § 666(c). The record supports the district court's factual determination that, even

considering salary payments could be considered bona fide, there are no payments to Ayala that can reasonably be characterized as paid in the usual course of GUTD's business. In contrast to Ayala's assertions, *United States v. Nichols*, 40 F.3d 999, 1000 (9th Cir. 1994), does not support the proposition that GUTD's usual course of business is specific to Ayala and, thus, the proper measuring stick is the "unorthodox method of compensation" allegedly employed by GUTD to compensate her. *See* Appellant's Reply Br. at 11.

The district court did not clearly err in concluding that purported rental payments to Ayala were neither bona fide nor made in the normal course of GUTD's business. Ayala claimed an entitlement to GUTD funds based on a rental agreement for her residence. The rental agreement was signed by a board member based on Ayala's representation she was fostering GUTD children at her home. The evidence demonstrates, however, that no foster children lived in her home after 2003. Furthermore, with a single exception, GUTD did not issue monthly rental checks to Ayala and Ayala did not claim rental income on her personal tax returns. And, the amounts GUTD paid to Ayala's mortgage company were not consistent with the purported rental agreement in timing or amount.

19-30149

The district court did not clearly err in finding that loans Ayala purportedly made to GUTD either did not exist or were not legitimate. Nor did the district court err in finding, alternatively, that any payments on the "loans" made from GUTD to Ayala were not in the usual course of business. That is, there is no evidence to show that, even if Ayala made loans to benefit GUTD, any of the money Ayala took from GUTD was intended to be loan repayment, as opposed to a continuing scheme to raid GUTD's business account.

The record justifies the district court's decision that it was unnecessary to separately analyze each and every one of the transactions in which Ayala used GUTD's funds to pay her own expenses. *See United States v. Treacy*, 639 F.3d 32, 47–48 (2d Cir. 2011); *United States v. Bogdanov*, 863 F.3d 630, 634 (7th Cir. 2017). Ayala extensively co-mingled her personal expenses with GUTD finances, wielded complete control over GUTD finances, spent money directly from the GUTD account, and transferred money between her account and the GUTD account at will.

**AFFIRMED**.

19-30149