**UNITED STATES of America, Appellee,**

v.

**Gordon URLACHER, Defendant–Appellant.**

No. 282.

Docket 92–1269.

United States Court of Appeals, Second Circuit.

Argued Sept. 29, 1992.

Decided Nov. 18, 1992.

Bradley E. Tyler, Asst. U.S. Atty., Rochester, N.Y. (Dennis C. Vacco, U.S. Atty., W.D.N.Y., of counsel), for appellee.

Lawrence J. Andolina, Rochester, N.Y. (Harris Beach & Wilcox, Thomas A. DeSimon, Laura J. Wilson, of counsel), for defendant-appellant.

Before MESKILL, Chief Judge, LUMBARD and CARDAMONE, Circuit Judges.

LUMBARD, Circuit Judge:

Gordon Urlacher appeals from a May 5, 1992 judgment of the District Court for the Western District of New York, Telesca, J., after the jury convicted him, following a four week jury trial, of three counts of misapplying and embezzling federal funds in violation of 18 U.S.C. § 666(a)(1)(A) and one count of conspiracy. Judge Telesca sentenced Urlacher to forty-eight months in prison and twelve years supervised release. Urlacher alleges that: (1) the district court erred in merging two separate indictments into a third indictment, (2) the district court erred in refusing to instruct the jury on the statutory exception contained in 18 U.S.C. § 666(c) and on Urlacher's theory that the government's chief witness was lying, (3) § 666 is unconstitutionally vague, and (4) that the government's chief witness should not have been permitted to testify as to the meaning of certain recorded statements made by Urlacher. We affirm the conviction.

On October 18, 1990, following an undercover investigation by the FBI, Gordon Urlacher, Police Chief of the City of Rochester, was indicted and charged with five counts of violating § 666 [1], one count for each fiscal year between 1987 and 1991, and one count of conspiracy to violate § 666. Another grand jury later returned an indictment which charged him with three counts of violating § 666, covering the fiscal years 1988, 1989 and 1990, and with conspiracy.

Urlacher moved to dismiss the second indictment for multiplicity. He claimed he should not be charged with two counts of embezzlement for the same fiscal year merely because the money came from different sources. Judge Telesca agreed that both the embezzlement and conspiracy charges were multiplicitous, but instead of dismissing the second indictment, Judge Telesca consolidated the two indictments. The separate counts alleging embezzlement of money from different sources in the same year were consolidated into a single

---

1. Section 666(a)(1)(A) of Title 18 states:
   Whoever ... being an agent of an organization ... embezzles, steals, obtains by fraud, or otherwise without authorization knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—(i) is valued at $5,000 or more, and (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency.... [commits a federal offense].

charge for that year, and the conspiracy charges were combined. 784 F.Supp. 61.

Trial commenced on January 29, 1992. At trial, the government's chief witness was Roy Ruffin, an unindicted co-conspirator who had worked as an aide to Urlacher. Ruffin initially contacted the FBI and cooperated with the investigation. He tape recorded numerous conversations with Urlacher and others. Ruffin testified, over objections, to his understanding of the meaning of statements made during these conversations. Both the taped conversations and Ruffin's testimony indicated that Urlacher had diverted money from the Rochester Police Department. Gil Cooper, an FBI accountant, testified that a total of $313,868.81 of police department funds was unaccounted for during the period from July 1986 to October 1991.

Evidence also showed that Urlacher had engaged in an extensive effort to conceal the misappropriation of the money. Urlacher was aware of and condoned the making of false accounting entries in the police books. He then directed Ruffin to destroy the books and other records. He later falsely claimed that the accounting books had been stolen, and even broke into his own car as a ruse to explain their disappearance.

In his defense, Urlacher denied embezzling funds from the Rochester Police Department. Although he claimed that certain funds were spent for legitimate police purposes, he did admit that the funds were not spent for the purposes allocated. He testified to legitimate police expenditures such as spending $150 for food at a conference, buying meals for officers on duty, and purchasing throat microphones, a television, a VCR, cellular phones, and a lumina light (used to detect fingerprints) for a major investigation. Urlacher did not introduce evidence as to the cost of many of these items, document any of the purchases, or testify as to his total expenditures. The government concedes that Urlacher

spent approximately $10,000 of the $313,868.81 for legitimate police purposes.

The jury found Urlacher guilty on four counts, violating § 666 for the years 1989, 1990, and 1991 and conspiracy. Judge Telesca sentenced him to a forty-eight month term for each conviction, to run concurrently, a total of twelve years supervised release, and ordered him to pay $150,000 to the City of Rochester as restitution.

### A. Consolidation of the Indictments

Judge Telesca properly consolidated the two indictments pursuant to Fed. R.Cr.P. 13 which allows the trial court to try offenses together if they could have been joined in a single indictment. All of the offenses charged could have been brought in a single indictment under Rule 8(a) because they were of similar character and were part of a common plan.[2]

Urlacher's claim that the court violated the exclusive province of the grand jury by creating a "new" indictment is without merit. The indictment is not new because every allegation in the consolidated indictment is contained in the two previous indictments. The consolidated indictment merely rejects the government's attempt to create separate offenses for the embezzlement of money from different sources.

Furthermore, Urlacher was not prejudiced by this consolidation. Relief from a prejudicial indictment is available under Fed.R.Cr.P. 14, but "in order to prevail, the defendant must not simply suffer some prejudice, but substantial prejudice." *United States v. Werner*, 620 F.2d 922, 928 (2d Cir.1980). Urlacher was not prejudiced because the consolidated indictment did not introduce any new charges against him; on the contrary, it reduced the number of charges he faced.

### B. Jury Instructions

Urlacher argues that Judge Telesca erred in refusing to instruct the jury on the statutory exception to liability contained in

---

**2.** Federal Rule of Criminal Procedure 8(a) allows two offenses to be charged together in the same indictment if the offenses charged are (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) based "on two or more acts or transactions connected together or constituting part of a common plan."

§ 666(c) and on his theory of defense, namely that Ruffin was lying. We disagree.

■ Urlacher contends that the jury, if so instructed, might have found that although he intentionally misapplied the funds, he spent the money on legitimate police business, and accordingly, had not violated § 666.[3] This theory is predicated on § 666(c), which states: "[t]his section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses reimbursed, in the usual course of business." Urlacher interprets this language as exempting from criminal liability the willful misappropriation of funds if used for legitimate police purposes.

Urlacher's interpretation of § 666(c) is misplaced. Section 666(a)(1)(A) prohibits embezzling, stealing, obtaining by fraud, converting, or intentionally misapplying funds. The first four prohibitions cover any possible taking of money for one's own use or benefit. Intentional misapplication, in order to avoid redundancy, must mean intentional misapplication for otherwise legitimate purposes; if it were for illegitimate purposes, it would be covered by the prohibitions against embezzlement, stealing, obtaining by fraud, or conversion. We reject Urlacher's broad interpretation of § 666(c) as exempting from coverage the intentional misapplication of funds used for otherwise legitimate purposes. That would be inconsistent with § 666(a)(1)(A)'s prohibition against the intentional misapplication of funds.

■ Even assuming Urlacher's interpretation of § 666(c) is correct, he failed to establish a foundation for his requested instruction. "A criminal defendant is entitled to have instructions presented related to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be." *United States v. O'Connor*, 237 F.2d 466, 474 n. 8 (2d Cir.1956). However, the broad principle that a defendant is entitled to a jury instruction outlining an exception to liability is limited to situations where some factual basis supports the charge. Even the 18 U.S.C. § 656 cases on which Urlacher relies, involving instructions that good faith negates liability under that section, explicitly recognize that such charges are only required "as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in [defendant's] favor." *United States v. Haddock*, 956 F.2d 1534, 1547 (10th Cir. 1992).

Urlacher testified only about minor expenditures for legitimate police purposes. These expenditures only totaled approximately $10,000, a small fraction of the $313,868.81 that was missing. No evidence was introduced to show that the rest of the money was spent for legitimate purposes, and therefore, there was simply not an evidentiary foundation for the jury to find in Urlacher's favor on the basis of his proposed § 666(c) instruction. Judge Telesca properly refused the charge on the grounds that there was no basis in fact for the jury to conclude that the statutory exception applied to exempt Urlacher from criminal liability.

■ Urlacher's claim that Judge Telesca erred in failing to instruct the jury that Roy Ruffin had lied is also without merit. Judge Telesca instructed members of the jury that they were the sole judges of the credibility of a witness. He also instructed the jury that Ruffin was an unindicted co-conspirator, that such a co-conspirator might fabricate testimony to receive favorable treatment, that he might be motivated to lie to serve his own interest, and that his testimony should be carefully scrutinized. Given these instructions, a further instruc-

3. Urlacher's argument that his conviction must be overturned because he spent the money in good faith must be rejected because the jury has already considered the issue. Judge Telesca properly instructed the jury that:

To find that the defendant converted money or property to his own use or the use of another, you must find that he knowingly and willfully applied, appropriated or used such money or property for the benefit of himself or any other person who was not the rightful owner *with the intent to defraud* the City of Rochester and/or the Rochester Police Department (emphasis added).

tion that Ruffin might be lying was unnecessary.

## C. *Vagueness Challenge*

■ The term "intentionally misapply," as it is used in § 666, is not unconstitutionally vague. We have upheld the constitutionality of the term "misapplied" in another context. In *United States v. Fortunato*, 402 F.2d 79 (2d Cir.1968), *cert. denied*, 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1969), the defendant was indicted for "willful misapplication" of bank funds in violation of 18 U.S.C. § 656. In upholding the indictment, we stated: "the statutory concept of misapplication is not a vague word of such uncertain application as to require dismissal of the indictment." *Id.* at 81. *See also United States v. McElroy*, 910 F.2d 1016 (2d Cir.1990) (rejecting vagueness challenge following conviction under § 656).

We reject Urlacher's contention that he lacked notice that his actions were proscribed. Urlacher spent police funds for unauthorized purposes; he failed to prove that these funds were spent for legitimate police purposes. Furthermore, the jury found that he intended to defraud the city. He could have had no doubt that he was doing what § 666 prohibited and that he was violating the law. He cannot be heard to complain that the statute was vague.

## D. *Admission of Roy Ruffin's Testimony*

■ Ruffin's interpretations of certain comments made by Urlacher during taped conversations were properly admitted at trial pursuant to Federal Rule of Evidence 701. Under this rule a lay witness may testify to "those opinions which are: (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R.Evid. 701. As the advisory committee's notes explain, the first prong requires that a witness meet "the familiar requirement of first-hand knowledge or observation." Fed.R.Evid. 701, advisory committee's note. The second prong requires that the testimony be helpful to the jury's clear understanding of the witness's testimony.

The requirements for admission of Ruffin's testimony are met in this case. Ruffin, as a participant in the conversations, had first hand knowledge of the conversations. Furthermore, his testimony was helpful to the jury's understanding of the often confusing and disjointed discussions on the tapes. Judge Telesca restricted Ruffin's testimony to the explanation of statements or words on the tape that would be ambiguous or unclear to someone who was not a participant in the conversation. In *United States v. Aiello*, 864 F.2d 257 (2d Cir.1988), we held that an undercover detective's explanation of the defendant's recorded statement "was admissible because language on the tape is sharp and abbreviated, composed with unfinished sentences and ambiguous references to events that are clear only to [the conversants]." *Id.* at 265 (quoting *United States v. DePeri*, 778 F.2d 963, 977 (3d Cir.1985), *cert. denied*, 475 U.S. 1110, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986)). A similar rationale applied here to support the admission of Ruffin's testimony.

Affirmed.