104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Louis SALERNO, Defendant-Appellant.
 No. 95-1565.
 United States Court of Appeals, Second Circuit.
 Sept. 11, 1996.
 
 1
 Gary S. Villanueva, N.Y., NY; Louis Salerno pro se, Minersville, Pa.
 
 
 2
 Susan Corkery, Ass't U.S. Att'y, EDNY, Brooklyn, NY
 
 
 3
 Present: KEARSE, MAHONEY, Circuit Judges, POLLACK, District Judge*.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 6
 Defendant Louis Salerno appeals from a judgment of the United States District Court for the Eastern District of New York, Sterling Johnson, Jr., Judge, convicting him on one count of conspiracy to distribute and possess with intent to distribute narcotics and one count of possession with intent to distribute narcotics, and sentencing him chiefly to 262 months' imprisonment, to be followed by a 10-year term of supervised release. On appeal, Salerno contends principally that the district court erred in failing to give the jury a requested instruction with regard to Salerno's defense theory. He also makes numerous other challenges, both in the brief filed by his attorney and in a pro se supplemental brief. Finding no merit in any of his contentions, we affirm the judgment of conviction.
 
 
 7
 Although a criminal defendant is entitled to have instructions presented relating to any defense theory for which there is a foundation in the evidence, see, e.g., United States v. Urlacher, 979 F.2d 935, 938 (2d Cir.1992); United States v. Goldson, 954 F.2d 51, 55 (2d Cir.1992); United States v. Durham, 825 F.2d 716, 718-19 (2d Cir.1987), he is not necessarily entitled to have the trial court use the exact language of his proposed charge, id. at 719. Further, in order to prevail on a contention that the trial court erred in refusing to give requested instructions, the defendant must establish that his own proposed language " 'accurately represented the law in every respect,' " and that the charge actually given, viewed as a whole, prejudiced him. United States v. Dove, 916 F.2d 41, 45 (2d Cir.1990) (quoting United States v. Ouimette, 798 F.2d 47, 49 (2d Cir.1986), cert. denied, 488 U.S. 863 (1988)).
 
 
 8
 In the present case, the district court properly did not give the charge requested by Salerno because it was not supported by the evidence and because it did not accurately represent the law. Salerno requested that the jury be instructed that he "claimed that he was attempting to purchase gems." Salerno did not testify in his own behalf, however, and there was no evidence of his knowledge, belief, or intent. Though he proffered the testimony of an expert witness that the words used in the recorded conversation could have concerned gems, that was not competent on the question of what Salerno was in fact attempting. Further, Salerno's requested charge would have instructed the jury to find him not guilty "[i]f you find that Mr. Salerno did not know that what he was negotiating for was in fact narcotics of some kind." This statement could undoubtedly have confused the jury as to the proper burden of proof, since the jury could properly acquit without making that finding, simply by reaching the conclusion--less onerous to Salerno--that the government had failed to prove that Salerno had knowledge that his negotiation involved narcotics.
 
 
 9
 In fact, the trial court properly instructed the jury that in order to convict Salerno, it must find that he "possessed a controlled substance knowingly and intentionally," that he "intended that the controlled substance be distributed," and that he "agreed to commit an unlawful act prohibited by the narcotics statute." Accordingly, the instruction clearly informed the jury that it must acquit if it found that Salerno believed he possessed or was negotiating for anything other than narcotics. We conclude that the instructions as given were correct and were adequate to reflect Salerno's defense theory.
 
 
 10
 We have considered all of Salerno's contentions on this appeal and have found in them no basis for reversal. The judgment of conviction is affirmed.
 
 
 
 *
 Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation