**UNITED STATES of America,**
**Appellee,**

v.

**Franklin VILLAFANA, also known as Domingo Guava; Patricia Piedrahita, also known as Patricia; Hernando Moreno, also known as Pedro Rafael**

---

\* Rule 11 was amended in 2002; the language requiring a factual basis for a plea is now found in subsection (b)(3).

Rodriguez, also known as El Gordo; Antonio Berrios, also known as Tony, also known as Tony; Jose Roberto Encarnacion, also known as Roberto; Jose Nunez, also known as Jose Rodriguez Nunez; Ruben Diaz, also known as Ruben, Junior Grullon, also known as Junior; Junior Lantigua, also known as Jay; Romer Valenzuela, also known as Romel LNU; Domingo Gomez–Fermin, also known as Mingo; Arelis Diaz; Apolinar Gomez–Torres, also known as Polo; Sergio Rodriguez, also known as Camarada; Carlos Tavarez–Fernandez, also known as Carlos Manuel; Kai Xu Chen, Rafael Nunez, also known as Rafael, also known as "Doctor", Defendants,

Tomas LOUIS, also known as Tomas, Defendant–Appellant.

No. 02–1107.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Steven K. Frankel (Robert L. Moore, on the brief), Frankel Rudder & Lowery LLP, New York, NY, for Appellant.

Daniel W. Levy, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, and Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Tomas Louis appeals from his conviction by a jury in the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*) of conspiracy to distribute and to possess with intent to distribute

cocaine and heroin, in violation of 21 U.S.C. § 846. On appeal, Louis argues that: (1) his trial counsel labored under a conflict of interest and otherwise failed to provide effective assistance; and (2) the district court erred in allowing a co-defendant to testify about his understanding of certain conversations between himself and Louis. We affirm.

■ With respect to Louis's claims of ineffective assistance of counsel, this court has expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.), *cert. denied*, 531 U.S. 885, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000). As the Supreme Court recently explained, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," because the district court is the forum best suited to develop the facts necessary to evaluate such claims. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Following *Massaro*, we recently observed that ineffectiveness claims should only be resolved on direct appeal "when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). Because we believe that Louis's claims of ineffective assistance would benefit from further development of the record, we decline to review them on direct appeal and dismiss them without prejudice to Louis's right to pursue them in a collateral proceeding.

■ Turning to Louis's second ground for appeal, we find that he has not met the heavy burden of showing that admission of the impugned testimony constituted plain error—a showing that must be made where, as here, the appellant failed to object to admission of the evidence at trial. *See United States v. Du-*

*kagjini*, 326 F.3d 45, 61 (2d Cir.2003). At the very least, the testimony of Louis's co-defendant concerning certain taped conversations was not plainly inadmissible. *See United States v. Urlacher*, 979 F.2d 935, 939 (2d Cir.1992) (holding that witness's interpretation of comments made by defendant during taped conversations was admissible).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**