UNITED STATES of America,
Plaintiff–Appellee,

v.

Patricia Betterman PAUL,
Defendant–Appellant.

No. 06–30506.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed Aug. 17, 2007.

Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before: REINHARDT, HALL, and M. SMITH, Circuit Judges.

MEMORANDUM *

Patricia Betterman Paul appeals her conviction of theft from a local government receiving federal funding, in violation of 18

---

U.S.C. § 666(a)(1)(A), as well as her accompanying 16–month sentence. Because the parties are aware of the pertinent facts, we do not separately recite them here. We affirm Paul's conviction, vacate her sentence, and remand for resentencing.

The district court had proper subject matter jurisdiction despite its aggregation of the amounts of the checks to reach the $5000 threshold requirement of 18 U.S.C. § 666(a)(1)(A)(i). *See United States v. Cruzado–Laureano,* 404 F.3d 470, 484 (1st Cir.2005); *United States v. Sanderson,* 966 F.2d 184, 189 (6th Cir.1992). Even assuming that alleging a common criminal scheme is a prerequisite to allowing aggregation, the indictment adequately alleges such a scheme, and the government presented sufficient evidence at trial to support the guilty verdict regarding that common scheme.

The bona fide wages exception set forth in 18 U.S.C. § 666(c) is inapplicable to this case. Although she may have been entitled to overtime compensation, Paul admittedly misappropriated the funds in an unauthorized manner and thus did not receive bona fide wages in the ordinary course of business. *See United States v. Cornier–Ortiz,* 361 F.3d 29, 37 (1st Cir. 2004); *United States v. Urlacher,* 979 F.2d 935, 938 (2d Cir.1992).

The checks presented as evidence at trial were properly admissible electronic duplicates of the paper originals and thus there was no violation of the best evidence rule. Fed.R.Evid. 1003. The checks are not inadmissible hearsay because they qualify under the business records exception. Fed.R.Evid. 803(6).

The district court did not abuse its discretion by excluding from evidence Defense Exhibit 519, which included the certified record from the proceedings before the Montana Department of Labor in which the central issue was Paul's status as an exempt or non-exempt employee. Admitting Defense Exhibit 519 into evidence would likely have confused the jury as to the relevant issues in the criminal proceeding. Fed.R.Evid. 403.

The district court did not abuse its discretion by refusing to admit Paul's proffered expert testimony on the difference between exempt and non-exempt employees because it constitutes an inadmissible expert legal opinion, *see United States v. Weitzenhoff,* 35 F.3d 1275, 1287 (9th Cir. 1993), and would not assist the trier of fact because it concerns an issue that is not relevant to the criminal charge, *see* Fed. R.Evid. 702.

There was sufficient evidence to convict because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that (1) Paul committed one of the unlawful acts listed in the statute, (2) the relevant checks totaled $17,868 (gross) as charged in the indictment, and (3) § 666(c)'s exception for bona fide wages paid in the ordinary course of business was inapplicable. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Paul's 16–month sentence is unreasonable. Several factors that are absent from the district court's sentencing analysis demonstrate that this case does not fall within the "heartland" of cases to which the guidelines are most applicable, as described by the Supreme Court in *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007). All of the following facts demonstrate that a 16–month sentence was unreasonably high: Paul was a first-time offender with absolutely no criminal record whatsoever; she promptly returned all of the funds to the school district; she displayed remorse in

two statements given to the Department of Labor prior to the filing of criminal charges; and the misappropriated funds represented compensation for work that she had performed for the district. The district court did not adequately consider this strong mitigating evidence in sentencing Paul to the very top of the guidelines range. Accordingly, we vacate Paul's 16–month sentence and remand with instructions for the district court to resentence Paul after giving appropriate consideration to the above-mentioned factors.

**Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.