**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

PATRICIA BETTERMAN PAUL,
          *Defendant-Appellant.*

No. 08-30125

D.C. No.
4:05-cr-00167-SEH
District of Montana,
Great Falls

ORDER DENYING
SUA SPONTE
CALL FOR
REHEARING EN
BANC;
CONCURRENCE
IN THE ORDER;
DISSENT TO THE
ORDER

Filed September 30, 2009

Before: Stephen Reinhardt, Cynthia Holcomb Hall and
Milan D. Smith, Jr., Circuit Judges.

---

## ORDER

A judge of this court *sua sponte* called for this case to be reheard en banc. A vote was taken, and a majority of the active judges of the court failed to vote for a rehearing en banc. Fed. R. App. P. 35(f). The call for this case to be reheard en banc is DENIED.

---

14037

REINHARDT and M. SMITH, Circuit Judges, concurring in the denial of rehearing en banc:

Although this case presented "the question whether a district court can disregard the spirit and express instructions of an appellate court's mandate to reconsider an unreasonable sentence," *United States v. Paul*, 561 F. 3d 970, 972 (9th Cir. 2009), the briefs of the parties filed in response to the Court's order of June 22, 2009 focused on whether Paul's new 15-month sentence was substantively unreasonable. The en banc call failed. We stand by what we said in the opinion, whether or not it was "one of our court's most elegant," and leave to others whether it was "a masterpiece of craftsmanship." (O'Scannlain Dissenting Op. at 14041).

---

O'SCANNLAIN, Circuit Judge, dissenting from the denial of rehearing en banc, joined by KLEINFELD, TALLMAN, CALLAHAN and BEA, Circuit Judges:

This case decides whether a district court violated a mandate from the court of appeals. It does not decide whether Paul's sentence was substantively unreasonable, despite language in the opinion that could mislead readers. I write separately in an attempt to forestall the confusion that has already arisen from the way in which the majority has chosen to draft its disposition. I dissent for the narrow purpose of sending the criminal defense bar this message: do not cite this case for the proposition that Paul's sentence was substantively unreasonable.

I

Patricia Paul worked as the Clerk of the Heart Butte School District on the Blackfeet Indian Reservation in Montana. As the school district suffered severe financial hardship in 2004,

Paul, a salaried employee, wrote herself checks for "overtime pay" to which she felt entitled.

Paul was indicted for embezzlement and charged with violating 18 U.S.C. § 666(a)(1)(A). After a mistrial, she was retried and convicted. The district court sentenced her to sixteen months—within the advisory Sentencing Guidelines range of ten to sixteen months.

Paul appealed, challenging her conviction and sentence. In a memorandum disposition, the panel affirmed Paul's conviction, but vacated and remanded for resentencing on the grounds that her sentence was substantively unreasonable. *United States v. Paul*, 239 F. App'x 353, 354 (9th Cir. 2007) (unpublished) (*Paul I*) ("Paul's 16-month sentence is unreasonable."). That unpublished case constituted the first, or one of the first, times a federal appeals court had held a within-Guidelines sentence substantively unreasonable.

Before the district court resentenced Paul, the Supreme Court decided *Gall v. United States*, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007). *Gall* and *Kimbrough* established that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall*, 128 S. Ct. at 591. Subsequently, we decided *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc), which recognized the particularly deferential standard of review required by the Supreme Court's new sentencing cases. *See id.* at 993.

On remand, the district court carefully reviewed the facts listed in *Paul I* and resentenced Paul to fifteen months—one month less than the sixteen months this court declared unreasonable in its 2007 memorandum disposition. On appeal, Paul claimed that the district court violated the rule of mandate by removing only one month from the original sentence.

In a per curiam opinion, the panel majority agreed with Paul, vacated the new sentence, and remanded to a different judge for resentencing. *United States v. Paul*, 561 F.3d 970 (9th Cir. 2009) (*Paul II*). Judge Hall dissented on the grounds that the panel's mandate did not survive *Gall* and *Kimbrough*.[1]

II

Do not be misled: this is solely a rule-of-mandate case. The per curiam opinion states that "[t]his case presents the question whether a district court can disregard the spirit and express instructions of an appellate court's mandate to reconsider an unreasonable sentence." *Id.* at 972. The opinion holds that the district court disregarded the rule of mandate when resentencing Paul, and reverses and remands to a different judge for resentencing. *Id.* at 975. Thus, the opinion rests on the question whether the district court violated the *Paul I* mandate when resentencing Paul to a fifteen-month sentence, and not on a conclusion that Paul's new fifteen-month sentence is substantively unreasonable.

Some may try to use *Paul II* as a vehicle to cite the substantive unreasonableness holding of *Paul I*. But *Paul I*, a memorandum disposition, is not precedential. *See* 9th Cir. R. 36-3(a) ("Unpublished dispositions . . . are not precedent, except when relevant under the doctrine of law of the case . . . ."). Merely citing a memorandum disposition in an opinion does not endow the unpublished disposition with precedential force. Here, *Paul I* is relevant to *Paul II* only in accordance with the law of the case doctrine. It is simply not precedential for substantive unreasonableness.

---

[1]Though it is not the principal purpose of this dissent, I agree with Judge Hall's dissent from the panel opinion that *Paul I*'s mandate did not survive the Supreme Court's intervening decisions in *Gall* and *Kimbrough* and our decision in *Carty*. As Judge Hall aptly shows, *Paul I*'s approach, which redetermines the sentence anew on appeal without deferring at all to the district judge, is not consistent with those cases.

I recognize that this opinion is not one of our court's most elegant. Despite its rule-of-mandate holding, the opinion contains language suggesting that the district court abused its discretion on remand by imposing a substantively unreasonable fifteen-month sentence. The majority declares, for example, that "the basic tenet of our prior holding in *Paul I*—that this is not a case that falls within the 'heartland' of cases to which the Guidelines are applicable—remains good law." *Paul II*, 561 F.3d at 974. The majority also quotes passages from its 2007 memorandum disposition at length. *Id.* at 973. Had the majority intended deliberately to create ambiguity, this opinion would have been a masterpiece of craftsmanship.[2]

Because of such confusing language in the majority opinion, some litigants have already tried to cast *Paul II* as a sentencing case rather than a rule-of-mandate case; they are mistaken. "[C]ases that do not actually analyze the issue . . . and cases that erroneously rely on those cases for their implicit assumptions" do not bind future panels. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 937 (9th Cir. 2007); *see also Estate of Magnin v. CIR*, 184 F.3d 1074, 1077 (9th Cir. 1999) ("When a case assumes a point without discussion, the case does not bind future panels." (citations omitted)). Because *Paul II* does not expressly analyze whether Paul's

---

[2]Contrary to the majority's concurrence, the briefs of the parties filed in response to the court's order of June 22, 2009, did *not* focus "on whether Paul's new 15-month sentence was substantively unreasonable." Rather, they correctly focused on whether the district court flouted a mandate from the court of appeals. *See* Appellant's Br. in Satisfaction of Court's June 22, 2009 Order Regarding the Need for Rehearing *En Banc* at 15 (arguing that the district court "exercise[d] . . . a prerogative it did not have: to correct or re-determine matters determined by this Court in a previous appeal"); Br. of Appellee United States in Resp. to the Court's Order of June 22, 2009 at 10 ("[T]he majority in *Paul II* never should have relied on the mandate, which was cancelled or at least modified by intervening authority from the Supreme Court."). By distorting the positions taken by the parties, the majority's terse concurrence in response to this dissent perpetuates unfortunate confusion. We should have gone en banc.

sentence was reasonable, it is simply not precedential on that issue.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.