SUMMARY ORDER
Defendant-appellant Daniel B. Karron was convicted of intentionally and knowingly misapplying funds under the care of *633 a company receiving federal funds in violation of 18 U.S.C. § 666, after a jury trial ending on June 11, 2008. Defendant was sentenced principally to a custodial sentence of fifteen months, followed by three years of supervised release, and $125,000 in restitution. On October 27, 2008, Judge Patterson amended the judgement directing defendant to serve the sentence as follows: seven-and-a-half-months’ imprisonment, followed by seven-and-a-half months of home confinement. Defendant appeals that conviction. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Defendant argues that (1) the jury instructions were erroneous because they omitted an element of the crime — specifically, the jury was instructed to find that defendant “intentionally misapplied” funds but should have been instructed that an “intent to defraud” is an element of “misapplication” of funds, and (2) 18 U.S.C. § 666 is void for vagueness.
We review a claim of error in jury instructions de novo, see, e.g., United States v. Quattrone, 441 F.3d 153, 177 (2d Cir.2006), but reversal is only appropriate when the charge, viewed as a whole, “either failed to inform the jury adequately of the law or misled the jury about the correct legal rule,” United States v. Ford, 435 F.3d 204, 209-10 (2d Cir.2006). “To secure reversal based on a flawed jury instruction, a defendant must demonstrate both error and ensuing prejudice.” United States v. Quinones, 511 F.3d 289, 313 (2d Cir.2007). Defendant argues that the District Court erred by failing to instruct the jury that it needed to find that defendant acted with the specific intent to defraud or injure the government. Defendant further contends that the instructions given by the District Court prejudiced defendant because they precluded the argument that defendant’s misapplication of funds was intended to benefit the grant-recipient organization, a legitimate purpose.
In United States v. Urlacher, we defined the term “intentional misapplication” to include misuse of federal funds for “otherwise legitimate purposes.” 979 F.2d 935, 938 (2d Cir.1992). Urlacher’s holding has been followed uniformly by other courts that have considered the issue, including the First, Sixth, Seventh, and Tenth Circuits. See, e.g., United States v. Cornier-Ortiz, 361 F.3d 29, 37 (1st Cir.2004); United States v. Frazier, 53 F.3d 1105, 1110-11 (10th Cir.1995). We are bound by Urlacher to conclude that the jury instructions were not erroneous. Nor was defendant prejudiced by the instructions because trial counsel was not precluded from presenting evidence or cross-examination showing that defendant did not intend to defraud the government or undermine the grant program, or that defendant acted with the purpose of benefiting the grant recipient.
Defendant asserts the void-for-vagueness argument for the first time on appeal. The issue is therefore waived, and reviewed only for plain error. Fed. R.Crim.P. 51, 52. In order to show plain error defendant must establish an error occurred that is “clear or obvious under current law” and that the error affected defendant’s “substantial rights.” United States v. Gonzalez, 110 F.3d 936, 945-46 (2d Cir.1997). We find no error under the clear law set forth in Urlacher.

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.