17-1001-cr
*United States v. Muntslag*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of March, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
                      DENNY CHIN,
                      RICHARD J. SULLIVAN,
                             *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,
                       *Appellee*,


                       v.                                              17-1001-cr


DINO BOUTERSE, AKA SEALED DEFENDANT 1,
                       *Defendant*,

EDMUND QUINCY MUNTSLAG, AKA SEALED
DEFENDANT 2, AKA BLUE,
                       *Defendant-Appellant.*\*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*          The Clerk of the Court is directed to amend the official caption to conform to the above.

FOR APPELLEE: MICHAEL D. LOCKARD, Assistant United States Attorney (Andrew DeFilippis, Won S. Shin, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, New York.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, Nathan, *JJ.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Edmund Muntslag appeals from a judgment entered March 20, 2017, convicting him, after a jury trial, of one count of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 963, 959(c), and 960(b)(1)(B). He was sentenced principally to 135 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Muntslag raises several issues on appeal: (1) the district court's failure to conduct a formal arraignment; (2) the denial of his motion for a mistrial; (3) the

---

[1] Judge Shira A. Scheindlin, of the United States District for the Southern District of New York, presided over the trial in this matter. On April 11, 2016, this case was reassigned to Judge Alison J. Nathan, of the United States District for the Southern District of New York, who presided over sentencing.

admissibility of certain evidence at trial; and (4) the procedural and substantive reasonableness of his sentence. We address each issue in turn.

## DISCUSSION

### 1. Arraignment Challenge

Muntslag contends that the district court's failure to arraign him pursuant to Rule 10 of the Federal Rules of Criminal Procedure requires us to vacate his conviction. We disagree. While it is undisputed that Muntslag was not formally arraigned prior to trial, Muntslag waived his right to challenge his conviction on this ground by failing to object at any point prior to this appeal. *See Garland v. Washington*, 232 U.S. 642, 646 (1914) ("A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned . . . and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review."). In any event, Muntslag clearly had sufficient notice of the charges and an adequate opportunity to prepare a defense, and thus the district court's failure to arraign him did not affect any substantial rights. *See id.* at 645. Indeed, at the first pre-trial conference, the district court asked the parties whether Muntslag had been arraigned by the magistrate judge, to which both Muntslag's counsel and the government responded that they believed he had been. We therefore conclude that reversal is not warranted on this basis.

**2.     Motion for Mistrial**

Muntslag next argues that the district court erred in denying his motion for a mistrial based on a confidential source's testimony that one of the source's aliases during the conspiracy was "Sheikh." We review a district court's denial of a mistrial motion for abuse of discretion. *United States v. Rodriguez*, 587 F.3d 573, 583 (2d Cir. 2009). Although the district court expressly precluded the government from eliciting testimony regarding the nickname to avoid any association of Muntslag with terrorism, the single mention was so brief and fleeting that even the district court did not hear it. *See United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010) (holding that "a brief and fleeting comment on the defendant's incarceration during trial" did not require a mistrial). Defense counsel also declined a curative instruction. Further, the reference did not directly implicate Muntslag; the confidential source merely volunteered his own nickname, which would have required the jury to infer Muntslag's potential connection to any impropriety the alias may have suggested. Thus, because "the risk of prejudice even to [the confidential source], much less [Muntslag], was virtually non-existent," we conclude that the single reference did not warrant a mistrial. *Rodriguez*, 587 F.3d at 583.

**3.     Evidentiary Challenges**

Muntslag raises three issues relating to the evidence admitted at trial: he argues that the district court erred in admitting, first, two recordings of discussions among Muntslag, his coconspirators, and the confidential sources for which transcripts

were not produced before trial; second, a confidential source's testimony as to his understanding of certain words and phrases used during the recorded conversations; and, third, recordings of a nontestifying confidential source's out-of-court statements. These arguments fail.

We review a district court's evidentiary rulings for abuse of discretion, *United States v. Barret*, 848 F.3d 524, 531 (2d Cir. 2017), which we find only where the district court "ruled in an arbitrary or irrational fashion," *United States v. Kelley*, 551 F.3d 171, 175 (2d Cir. 2009) (per curiam) (citation omitted). Moreover, even when error is found, the lower court's decision will be affirmed if the error is harmless. *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015). Where no objection is made below, we review only for plain error. *United States v. Johnson*, 529 F.3d 493, 501 (2d Cir. 2008).

A.      **Timeliness of Transcript Production**

We conclude that the district court did not abuse its discretion in admitting two recordings for which corresponding transcripts were not produced before trial. First, while the transcripts for the two recordings at issue were not available pretrial, they were provided prior to their receipt into evidence. Additionally, all the recordings were produced to Muntslag and his counsel during discovery months before trial, along with draft transcripts and translations. Moreover, when Muntslag raised issues as to the operability of some of the tapes, the government took prompt corrective action. Second, upon Muntslag's objection to the two disputed recordings

and transcripts, the district court excluded the underlying transcripts from evidence. Third, Muntslag misconstrues our precedent in *United States v. Chiarizio* as creating a blanket rule that requires the district court to review all recordings and their transcripts in camera. 525 F.2d 289, 293 (2d Cir. 1975). The procedures outlined in *Chiarizio* are required only where the parties dispute the accuracy of the tape's contents. *See United States v. Chalarca*, 95 F.3d 239, 246 (2d Cir. 1996) (discussing *Chiarizio* in the context of proffered transcript's accuracy). Muntslag did not raise that argument below and does not do so now on appeal.

Even assuming the admission of the tapes was error, we do not find the requisite prejudice to reverse the district court's decision in light of Muntslag's failure to request a continuance and the overwhelming admissible evidence of guilt. *See United States v. Miller*, 116 F.3d 641, 681 (2d Cir. 1997) (observing lack of request for continuance reflects lack of prejudice).

## B. Lay Witness Opinion Testimony

Muntslag's claim that the confidential source's testimony interpreting the coded words and technical jargon used in the recorded conversations violated Rule 701 of the Federal Rules of Evidence is also without merit. Because no objection was made below we review for plain error. *United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014). Under Rule 701, a lay witness may testify to those opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding

- 6 -

the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Here, as is often the case in drug trafficking conspiracies, the confidential source's testimony was helpful to clarify certain phrases and words used by himself and the other conspiratorial parties, including Muntslag, that were "ambiguous or unclear to someone who was not a participant in the conversation." *United States v. Urlacher*, 979 F.2d 935, 939 (2d Cir. 1997). The confidential source based his opinion solely on "insider perceptions of a conspiracy of which he was a member," and thus the opinion was not based on the sort of specialized training or experience that scientific witnesses rely upon. *See United States v. Yannotti*, 541 F.3d 112, 126 (2d Cir. 2008); *cf. United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005). Accordingly, the district court did not plainly err in this respect.

## C. Admission of Nontestifying Witness's Out-of-Court Statement

Finally, the district court did not err in admitting a nontestifying confidential source's recorded out-of-court statements into evidence. We review Muntslag's hearsay and confrontation objections for plain error because they were not raised below. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). While out-of-court statements that are offered "to prove the truth of the matter asserted in the statement" are generally inadmissible, Fed R. Evid. 801(c)(2), statements not offered for their truth, but instead, for their effect on the listener or for context, may be introduced as non-hearsay statements. *See United States v. Paulino*, 445 F.3d 211, 217-18 (2d Cir. 2006);

*United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990).  The challenged out-of-court

statements made by the nontestifying confidential source in conversations with

Muntslag were not offered for their truth, but simply to place Muntslag's recorded

statements in context.  *See Barone*, 913 F.2d at 49 (admitting recordings to establish

context despite the government's failure "to produce as a witness at trial an informant

who is heard in [the] tape-recorded conversation with the defendant").  Accordingly,

because the statements were not admitted for their truth, the Sixth Amendment's

Confrontation Clause is not implicated.  *See Paulino*, 445 F.3d at 216-17.

Moreover, to the extent that the confidential source's out-of-court

statements did amount to hearsay, any error was harmless in light of the overwhelming

evidence -- including a suitcase with ten bricks of cocaine that was recovered incident to

Muntslag's arrest in Trinidad -- establishing that Muntslag participated in the narcotics

conspiracy.

4.      **Sentencing Challenges**

Muntslag challenges the procedural and substantive reasonableness of his

sentence, which we review under a deferential abuse of discretion standard.  *See United

States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  A district court's

interpretation and application of the Guidelines are reviewed *de novo* and its factual

findings for clear error.  *United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016).

## A.      Procedural Reasonableness

As to his procedural challenge, Muntslag argues that the district court erred in imposing a two-level sentencing enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for possessing a dangerous weapon in connection with a narcotics offense because he never exercised control over any weapon during the alleged conspiracy. This argument misses the mark, as control is not a prerequisite for the enhancement's application. Rather, the relevant inquiry is whether a defendant could reasonably foresee coconspirators possessing a dangerous weapon. *See United States v. Ortega*, 94 F.3d 764, 767-68 (2d. Cir. 1996). Here, possession of a firearm by Dino Bouterse, a coconspirator, was plainly foreseeable to Muntslag. Indeed, Muntslag concedes that Bouterse displayed a rocket launcher at a conspiratorial meeting and that Bouterse's armed security detail was frequently present during discussions with the confidential sources. Even assuming the district court erred in applying the enhancement, however, the error was harmless because "the record indicates clearly that the district court would have imposed the same sentence in any event." *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (per curiam).

## B.      Substantive Reasonableness

As to his substantive challenge, Muntslag contends that the district court inadequately considered the harsh conditions of his confinement in Trinidad while awaiting extradition. We find this claim unpersuasive as the district court explicitly

referenced Muntslag's detention in Trinidad when imposing his well below-guidelines sentence and even recommended that the Bureau of Prisons credit this period of custody. Because we identify no procedural error and ultimately find Muntslag's sentence to be reasonable, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009).

Muntslag further claims that his sentence is substantively unreasonable because his coconspirator Bouterse also received a 135-month sentence, despite being more culpable and convicted of more counts. Contrary to Muntslag's assertions, the district court acted well within its discretion in imposing such a sentence because -- unlike Muntslag -- Bouterse pled guilty in advance of trial and accepted responsibility. *See United States v. Florez*, 447 F.3d 145, 157-58 (2d Cir. 2006) (noting that a defendant who maintained his innocence and went to trial is dissimilarly situated to a codefendant who pled guilty). Under these circumstances, the reliance on Bouterse's sentence is misplaced.

We have considered Muntslag's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk