FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PARTHAVA BEHESHT NEJAD,
*Defendant-Appellant.*

No. 18-30082

D.C. No.
6:15-cr-00304-AA-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 16, 2019
Portland, Oregon

Filed August 13, 2019

Before: N. Randy Smith, Paul J. Watford,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge Watford

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's entry of a "personal money judgment" against Parthava Behest Nejad in an amount that corresponds to the proceeds of the offenses for which Nejad was convicted:  fraudulently obtaining Social Security, Medicaid, and food-stamp benefits to which he was not entitled.

Nejad argued that none of the criminal forfeiture statutes at issue authorizes entry of a "personal money judgment" against him, and that when Congress has authorized entry of a personal money judgment in the criminal forfeiture context, it has done so explicitly.  Nejad argued that the series of decisions in which this court has held that personal money judgments are permissible should be overruled because they conflict with the Supreme Court's subsequent decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).  The panel wrote that it is not free as a three-judge panel to overrule those decisions because they are not clearly irreconcilable with the reasoning or holding of *Honeycutt*, which did not address whether personal money judgments are permissible in the criminal forfeiture context.

The panel explained that *Honeycutt* does require clarification that personal money judgments must be enforced within the constraints imposed by the applicable criminal forfeiture statutes.  When the substitute-property

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

provision in 21 U.S.C. § 853(p) applies, once the government identifies untainted property it believes may be used to satisfy a personal money judgment, the government must return to the district court and establish that the statute's requirements have been met. If the court concludes that those requirements have been satisfied, the court may then amend the forfeiture order to include the newly identified substitute property, at which point the government may satisfy a personal money judgment from the defendant's untainted assets.

## COUNSEL

Lisa C. Hay (argued), Federal Public Defender; Bryan E. Lessley, Assistant Federal Public Defender; Office of the Federal Public Defender, Portland, Oregon; for Defendant-Appellant.

Julia E. Jarrett (argued), Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; Billy J. Williams, United States Attorney; United States Attorney's Office, Portland, Oregon; for Plaintiff-Appellee.

**OPINION**

WATFORD, Circuit Judge:

A jury found Parthava Behesht Nejad guilty of fraudulently obtaining Social Security, Medicaid, and food-stamp benefits to which he was not entitled, in violation of 18 U.S.C. §§ 641 and 1343. Congress has authorized forfeiture of property as a sanction for those offenses, *see* 28 U.S.C. § 2461(c); 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1), and here the indictment sought forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to the violations." At sentencing, the district court ordered Nejad to forfeit $154,694.50, the sum representing the proceeds of his offenses.

This appeal involves an aspect of the district court's forfeiture order that requires a brief explanation. Section 2461(c) directs the court to order forfeiture of "the property" specified in the indictment's forfeiture allegation, assuming the allegation has been proved. In this case, the property eligible for forfeiture is any property "which constitutes or is derived from proceeds traceable to" Nejad's offenses. 18 U.S.C. § 981(a)(1)(C). The proceeds of Nejad's offenses consisted of the $154,694.50 in fraudulently obtained government funds he received. At the time of his conviction, Nejad no longer had the money in his possession, and the record does not disclose whether the government tried to trace the money to other property "derived from" the proceeds of Nejad's offenses. In any event, rather than request forfeiture of specific property, the government asked the district court to enter what Rule 32.2 of the Federal Rules of Criminal Procedure refers to as a "personal money judgment" against Nejad in the amount of $154,694.50. *See* Fed. R. Crim. Proc. 32.2(b)(1)(A). The court did so, over Nejad's objection.

On appeal, Nejad argues that none of the criminal forfeiture statutes at issue here authorizes entry of a "personal money judgment" against him. Those statutes, he asserts, authorize only the forfeiture of a defendant's "property," without saying anything about permitting entry of an *in personam* money judgment as an alternative. *See* 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C). He further contends that when Congress has authorized entry of a personal money judgment in the criminal forfeiture context, it has done so explicitly, as in 31 U.S.C. § 5332(b)(4). That provision, which authorizes forfeiture in connection with certain cash-smuggling offenses, provides for entry of a "personal money judgment" when the property subject to forfeiture is unavailable and the defendant lacks sufficient substitute property that may be forfeited under 21 U.S.C. § 853(p), an important forfeiture provision to which we will return in a moment.[1]

Although some district courts have found Nejad's argument meritorious, *see, e.g.*, *United States v. Surgent*, No. 04-CR-364, 2009 WL 2525137, at *6–8 (E.D.N.Y. Aug. 17, 2009); *United States v. Day*, 416 F. Supp. 2d 79, 89–91 (D.D.C. 2006), *rev'd*, 524 F.3d 1361, 1377–78 (D.C. Cir. 2008), we have held in a series of cases that personal money judgments are permissible. *See United States v. Lo*, 839 F.3d 777, 792–94 (9th Cir. 2016); *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011); *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006). Nejad asks us to

---

[1] Section 5332(b)(4) provides: "If the property subject to forfeiture under paragraph (2) is unavailable, and the defendant has insufficient substitute property that may be forfeited pursuant to [21 U.S.C. § 853(p)], the court shall enter a personal money judgment against the defendant for the amount that would be subject to forfeiture." 31 U.S.C. § 5332(b)(4).

overrule those cases on the ground that they conflict with the Supreme Court's subsequent decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

In *Honeycutt*, the Court held that 21 U.S.C. § 853 does not authorize courts to impose joint and several liability for forfeiture judgments. 137 S. Ct. at 1630. That holding does not address whether personal money judgments are permissible in the criminal forfeiture context. Nejad argues that the Court's reasoning in *Honeycutt* nonetheless undermines our prior precedent because the Court emphasized the absence of any textual basis in § 853 for imposing joint and several liability. The criminal forfeiture statutes at issue here, Nejad correctly notes, similarly lack any textual basis for imposing a personal money judgment.

We are not free as a three-judge panel to overrule *Casey*, *Newman*, and *Lo* because those decisions are not "clearly irreconcilable" with the reasoning or holding of *Honeycutt*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). Contrary to Nejad's argument, the Court in *Honeycutt* did not rely solely, or even predominantly, on the absence of an express textual basis for imposing joint and several liability. The Court instead relied on the fact that permitting a defendant to be held jointly and severally liable for the forfeiture of property he never acquired or used would conflict with several provisions of § 853. 137 S. Ct. at 1632–34. Nejad cannot point to any similar conflict between allowing district courts to impose personal money judgments and the text of the criminal forfeiture statutes at issue in this case.

In the absence of such a conflict, our rationale for allowing district courts to impose personal money judgments remains undisturbed by the reasoning of *Honeycutt*. We have regarded such judgments as necessary to avoid

undermining Congress' objectives in enacting mandatory forfeiture sanctions, pointing in particular to the substitute-property provision found in 21 U.S.C. § 853(p). *See Casey*, 444 F.3d at 1074.[2] Section 853(p) states that if the tainted property subject to forfeiture is unavailable due to certain acts or omissions of the defendant, the court must order the forfeiture of "any other property of the defendant"—including untainted assets—up to the value of the directly forfeitable property. 21 U.S.C. § 853(p)(2).[3]

---

[2] Section 853(p) is one of the provisions incorporated by reference in 28 U.S.C. § 2461(c). *United States v. Valdez*, 911 F.3d 960, 966 (9th Cir. 2018).

[3] Section 853(p) provides in relevant part:

**(p) Forfeiture of substitute property**

**(1) In general**

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred or sold to, or deposited with, a third party;

    (C) has been placed beyond the jurisdiction of the court;

    (D) has been substantially diminished in value; or

    (E) has been commingled with other property which cannot be divided without difficulty.

Section 853(p) does not limit the substitute property eligible for forfeiture to property that the defendant owns at the time of sentencing. We have accordingly held that a court may order forfeiture in the form of a personal money judgment against the defendant, and that the government may attempt to satisfy the judgment with any substitute property it locates in the future. *Newman*, 659 F.3d at 1242; *Casey*, 444 F.3d at 1074. A contrary rule, we have reasoned, would allow an insolvent defendant to escape the mandatory forfeiture penalty Congress has imposed simply by spending or otherwise disposing of his criminal proceeds before sentencing. *Newman*, 659 F.3d at 1243; *Casey*, 444 F.3d at 1074.

In short, we see nothing in *Honeycutt* (or any other recent Supreme Court decision) that would allow us to overrule our prior precedent permitting entry of a personal money judgment in the circumstances present here. At least two other circuits have reached the same conclusion when asked, post-*Honeycutt*, to reconsider their own precedent authorizing personal money judgments. *See United States v. Elbeblawy*, 899 F.3d 925, 940–41 (11th Cir. 2018); *United States v. Gorski*, 880 F.3d 27, 40–41 (1st Cir. 2018).

The Supreme Court's decision in *Honeycutt* does, however, require one clarification concerning the manner in which personal money judgments may be enforced. In the

**(2) Substitute property**

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

wake of *Honeycutt*, it is clear that personal money judgments must be enforced within the constraints imposed by the applicable criminal forfeiture statutes. The most notable constraint is the one imposed by the substitute-property provision of § 853(p), discussed above. As the government has conceded, both in this case and elsewhere, *see* Brief for the United States in Opposition at 16–18, *Lo v. United States*, 138 S. Ct. 354 (2017) (No. 16-8327), when § 853(p) applies, the government may not enforce a personal money judgment through the same means it would use to enforce an ordinary *in personam* civil judgment. Instead, once the government identifies untainted property that it believes may be used to satisfy a personal money judgment, it must return to the district court and establish that the requirements of § 853(p) have been met. *See United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006). If the court concludes that those requirements have been satisfied, the court may then amend the forfeiture order to include the newly identified substitute property. *See* Fed. R. Crim. Proc. 32.2(e); Stefan D. Cassella, Asset Forfeiture Law in the United States § 22-2, at 762–63 (2d ed. 2013). Only when these procedures are followed may the government satisfy a personal money judgment from the defendant's untainted assets. That limitation stems from the Court's observation in *Honeycutt* that "Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the procedures outlined in § 853(p)." 137 S. Ct. at 1634.

**AFFIRMED.**