NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10168 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00462-CRB-1 |
| v. | |
| SUSHOVAN TAREQUE HUSSAIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 11, 2020
San Francisco, California

Before:  R. NELSON and BRESS, Circuit Judges, and GWIN,** District Judge.

Sushovan Hussain was convicted of wire fraud, conspiracy to commit wire fraud, and securities fraud.  18 U.S.C. §§ 1343, 1348, 1349.  In a concurrently filed opinion, we reject Hussain's claims that his wire fraud convictions were based on an impermissible application of U.S. law abroad, and that insufficient evidence

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

supported his conviction for securities fraud. Here, we consider Hussain's challenges to certain evidentiary rulings and the district court's forfeiture order. We hold those challenges are likewise without merit.

1. Hussain challenges several of the district court's evidentiary rulings, which we review for abuse of discretion. *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019). Under this standard, we must uphold the district court's rulings "unless they are 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

a. Hussain argues the district court erred by admitting into evidence Autonomy Corporation's accounting restatement. Hussain claims that the restatement was inadmissible under Federal Rule of Evidence 803(6) because it was not prepared in the regular course of business, citing *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984). But *Paddack* is inapposite because it involved audit reports from a "special audit" that was not conducted in the regular course of business. *Id.* at 1258. The district court here considered *Paddack*, but concluded the restatement was more akin to the one in *SEC v. Jasper*, 678 F.3d 1116, 1122–23 (9th Cir. 2012), which was prepared as part of the company's required financial disclosures and held to be admissible as a business record. The district court's

reliance on *Jasper* was reasonable and not an abuse of discretion.

That the restatement was not approved by an auditor and was possibly prepared with an eye toward litigation does not render the restatement inadmissible. Hussain argued these points to the jury, which go to the weight of the evidence, not its admissibility. *See Jasper*, 678 F.3d at 1124. Finally, we give "considerable deference" to the district court's balancing under Rule 403, *United States v. Barragan*, 871 F.3d 689, 702 (9th Cir. 2017), and conclude there was no abuse of discretion here because the accounting restatement was highly probative and not unfairly prejudicial.

    b.     Hussain argues the district court also abused its discretion by excluding certain evidence from the period after the HP/Autonomy deal closed. This included post-acquisition valuation reports and evidence suggesting that HP was aware of Autonomy's hardware sales. The district court did not abuse its discretion in concluding that this evidence would have been "collateral and confusing" or of little probative value to whether Hussain defrauded the company before the deal closed. *See* Fed. R. Evid. 401; *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) ("Trial judges have wide discretion in determining whether evidence is relevant.") (quotations omitted).

Hussain has also not demonstrated how the exclusion of certain post-acquisition evidence prejudiced him. *See United States v. Cherer*, 513 F.3d 1150,

3

1157 (9th Cir. 2008) ("Harmless errors do not warrant reversal."). Hussain was able to present this evidence in other ways at trial. And even if the district court erred in excluding the evidence on relevance grounds, the government's case against Hussain was extensive. There is no basis to conclude the result would have been different if the evidence had been admitted.

2.      Hussain also challenges the district court's forfeiture order. We review the district court's interpretation of federal forfeiture law de novo and its findings of fact for clear error. *United States v. Hernandez-Escobar*, 911 F.3d 952, 955 (9th Cir. 2018).

a.      The forfeiture order was not an improper *in personam* money judgment. In *United States v. Nejad*, 933 F.3d 1162 (9th Cir. 2019), we reaffirmed that "personal money judgments are permissible" in the criminal forfeiture context. *Id.* at 1164. Hussain concedes that his argument is foreclosed by *Nejad*, and we agree. While Hussain also argues that an *in personam* money judgment conflicts with 21 U.S.C. § 853(p), this too is unavailing. That statute relates to "substitute property" used to satisfy a forfeiture order, but here, the government sought only property Hussain earned from his fraudulent acts.

b.      Hussain's challenges to the amount of the forfeiture order likewise fail. A court may require a defendant to forfeit money he "obtained" due to his criminal pursuits. *Honeycutt v. United States*, 137 S. Ct. 1626, 1632 (2017). Hussain argues

that the order sought more than this because it relied on the pre-tax amount and an incorrect exchange rate. The district court did not clearly err in determining that $6.1 million was the amount that Hussain "obtained" because it reflected the inflated premium that HP paid Hussain for his shares in Autonomy. And Hussain cites no authority requiring the district court to offset this amount for foreign tax obligations or to use a different exchange rate.

**AFFIRMED.**