
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10254 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00527-RS-1 |
| v. | |
| ALLEN FONG, AKA John Fujimoto, AKA Steve Fujimoto, AKA Jeff Law, AKA David Lee, AKA May Lee, AKA Steve Nguyen, AKA Sakura Susa, AKA Jeff Woo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted December 10, 2020[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,*** District Judge.

Appellant Allen Fong challenges the district court's forfeiture order, claiming that: (1) the forfeiture order violated *Honeycutt v. United States*, 137 S.Ct. 1626 (2017); (2) the forfeiture order violated the Constitution's Excessive Fines Clause; (3) the district court lacked statutory authority to impose an *in personam* forfeiture money judgment; and (4) the facts triggering the mandatory forfeiture should have been found by a jury.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The forfeiture order does not violate *Honeycutt*.  The government presented sufficient evidence to prove by a preponderance that Fong personally obtained about one-third of the conspiracy's proceeds.  The district court's factual findings as to the corresponding amounts are not clearly erroneous.[1]  *See Honeycutt*, 137 S.Ct. at 1632-33.

---

*** The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

[1] Fong argues that the district court erred by failing to hold an evidentiary hearing regarding the factual basis for the district court's calculation of the forfeiture amount.  Any error would be harmless, because the district court had previously held an evidentiary hearing to determine the proceeds of the entire conspiracy.  And after remand, Fong presented no new evidence on the issue, and the court made a reasonable estimate of the fraction of the proceeds obtained by Fong.

The forfeiture order does not violate the Excessive Fines clause because the forfeiture is not "grossly disproportional to the gravity of [the] defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). The forfeiture amount in this case was less than half the authorized statutory fine allowable. *See United States v. Beecroft*, 825 F.3d 991, 1001 (9th Cir. 2016).

As Fong acknowledges, his arguments that the district court lacked authority to impose an *in personam* forfeiture money judgment and that the court violated the Sixth Amendment by finding the facts triggering mandatory criminal forfeiture are both foreclosed by this circuit's precedent. *See United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019) (reaffirming pre-*Honeycutt* cases authorizing *in personam* forfeiture money judgments); *United States v. Phillips*, 704 F.3d 754, 769–71 (9th Cir. 2012) (rejecting argument that a jury must determine forfeiture issue).

**AFFIRMED**.