**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10381 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00191-JST-1 |
| v. | |
| KENNETH TAYLOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon Tigar, District Judge, Presiding

Submitted January 14, 2021[**]
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,[***] District Judge.

Kenneth Taylor pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and to making and subscribing a false tax return, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

violation of 26 U.S.C. § 7206(1). At sentencing, the district court ordered a forfeiture money judgment against Taylor, which he challenges as an unlawful form of punishment. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction over Taylor's timely appeal pursuant to 28 U.S.C. § 1291. Because Taylor has waived his right to appeal his sentence, we dismiss.

We review *de novo* whether a defendant has waived his right to appeal. *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016). Generally, a "waiver of appellate rights is enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Id.* (citation and quotations omitted). In *Lo*, we held that this standard was met where: "[t]he district court reviewed the plea agreement thoroughly during the Rule 11 colloquy;" the district court "warned [the defendant] that the sentence could be greater than he had been told;" and "the scope of [the] appeal waiver clearly include[d]" forfeiture, with the statement, "'I also agree to waive any right I have to appeal any aspect of my sentence, including any orders relating to forfeiture and or restitution.'" *Id.* at 786–87. Here, the district court was similarly thorough in its review and warning, and the plea agreement contained language regarding waiving the right to appeal "any aspect of [Taylor's] sentence, including any orders relating to forfeiture and/or restitution." Accordingly, Taylor's waiver of appellate rights is

2

enforceable, absent an applicable exception. A waiver of appellate rights would not be enforceable where "the sentence violates the law," *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009), and Taylor primarily argues that forfeiture money judgments are unlawful. Our court, however, has already decided that forfeiture money judgments are permissible in the criminal forfeiture context, even after the Supreme Court handed down its decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). *United States v. Nejad*, 933 F.3d 1162 (9th Cir. 2019) ("We have regarded such [money] judgments as necessary to avoid undermining Congress' objectives in enacting mandatory forfeiture sanctions, pointing in particular to the substitute-property provision found in 21 U.S.C. § 853(p)."). Therefore, Taylor's waiver of appellate rights is enforceable.

**DISMISSED.**